MARTHA B. BENNER vs. HOWARD A. BENNER.

Lincoln.    Opinion March 26, 1920.

*Trespass.    Necessary allegations.*

Under Sec. 9, Chap. 100, R. S., only owner of the property injured can maintain an action, hence ownership is an essential allegation.

In alleging ownership of real estate, "land of", or "property of", or "the buildings of" is the approved form of allegation.

To allege a removal of horse-stalls, cribs, cow-chain holders or partitions in buildings belonging to the plaintiff is not a sufficient allegation of ownership of the horse-stalls, etc., as they might have been fixtures that, as between landlord and tenant, the defendant had a lawful right to remove.

To break glass that is a part of a building is a separate and distinct cause of action under the statute above referred to, and the allegation that the glass was "in the windows in the barn" of the plaintiff is a sufficient allegation that the glass was a part of the building.

An action of trespass brought under Sec. 9, Chap. 100, R. S., to recover damages for injury by defendant to plaintiff's real estate. Defendant filed a general demurrer, which was overruled by the presiding Justice, and defendant excepted. Exceptions overruled.

Case stated in the opinion.

*George A. Cowan,* for plaintiff.

*Rodney I. Thompson,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, WILSON, JJ.

WILSON, J.    An action of trespass brought under Sec. 9, Chap. 100, R. S., alleging that the defendant without license of the plaintiff tore out and carried away certain horse-stalls, cribs, and cow-chain holders in a stable, and also the partition walls from the hen-house, on certain premises described in the declaration and "broke out the glass in the windows in the barn on said premises."

The defendant filed a general demurrer, and as a ground of his demurrer contends that the ownership of the property carried away and destroyed is nowhere alleged to be in the plaintiff.

Under Sec. 9 of Chap. 100, it is only the owner who may bring an action, hence ownership is an essential allegation. The defendant first contends that alleging the defendant to be a tenant at sufferance on land of the plaintiff is not a sufficient allegation of ownership of the land by the plaintiff. We think it is. "Land of—," "the certain barn of—," is the approved form even in criminal pleading in alleging ownership of real property. Heard on Criminal Pleading, page 200; Davis Criminal Justice, page 30; *Com.* v. *Harney,* 10 Met., 422; *Com.* v. *Williams,* 2 Cush., 582.

The declaration in this case, however, should go further, and allege ownership of the property carried away, and that the glass broken was a part of a building owned by the plaintiff. In respect to the horse-stalls, cribs, cow-chain holders in the stable or the partition walls in the hen-house on the premises, the declaration is, we think, clearly insufficient. While the ownership of the land and buildings is sufficiently alleged to be in the plaintiff, it nowhere appears that the horse-stalls, cribs, cow-chain holders, or the partition walls removed were the property of the plaintiff, or were a permanent part of the buildings of the plaintiff, and were not the property of the defendant, which as tenant he would have a lawful right to remove. As to these items, all the facts alleged in the declaration might be true and yet the plaintiff have no cause of action.

The declaration, however, sets forth another ground of damage, viz.—That the defendant wilfully and knowingly "broke the glass in the windows in the barn on the premises." This alone sets forth a cause of action under Sect. 9, Chap. 100, R. S., and the demurrer was, therefore, properly overruled.

The defendant contends that to sustain an action on this ground the glass must appear to be a part of a building owned by the plaintiff, and in this respect the declaration is faulty. But the ownership of the buildings is sufficiently alleged to be in the plaintiff, and to hold that the language of this declaration is susceptible of any other construction than that the glass broken was a part of the barn of the plaintiff seems like too much of a refinement to be adopted as a rule of pleading in a modern system of jurisprudence.

The language in *Com.* v. *Bean*, 11 Cush., 414, may have been clearly open to the objection raised in that case; as the charge was simply the breaking "of glass in a building." Here the glass broken is "in the windows" in the plaintiff's barn. The primary definition of a window is "an opening in a building for light and air, usually closed by casement or sashes containing some transparent material as glass." Webster's Dictionary. Bouvier Law Dict. Glass in a window, then, is glass in the openings of a building designed to admit light and air, and when there it becomes part of the building. *Wing* v. *Wing*, 66 Maine, 62. *Farrar et al.* v. *Stackpole*, 6 Maine, 154, 157. *Roderick* v. *Sanborn*, 106 Maine, 159. The question here is not of removal, but of wilfully breaking. To wilfully break glass in a window of a building will render one liable to the owner of the building under the section of the statute above referred to.

Entry will be:

<div style="text-align:right">

*Exceptions overruled.*