## MARTHA B. BENNER *vs.* HOWARD A. BENNER.

### Lincoln.   Opinion November 7, 1921.

*Trespass under R. S., Chap. 100, Sec. 9, done wilfully and knowingly without*
*license of plaintiff.   Allegation that defendant wilfully and knowingly broke out*
*"the glass in the windows in the barn on said premises" is sufficient to*
*sustain an award of either single or double damages, as the evi-*
*dence may warrant.   The evidence upon which a verdict*
*was based must be before the Law Court before it*
*can consider a motion for new trial on*
*ground that damages were*
*excessive.*

Action of trespass under R. S., Chap. 100, Sec. 9, with allegation that the acts of
defendant were done wilfully and knowingly, without license of the plaintiff;
the declaration has been before the court upon general demurrer, and the
opinion then delivered (119 Maine 79, 109 Atl., 376) holds (1) that ownership
is an essential allegation; (2) that ownership of the land described in the
declaration is sufficiently alleged; (3) that ownership in the plaintiff, of the
horse-stalls, cribs, cow-chain holders, and partition walls is not sufficiently
alleged; (4) that a cause of action under said statute, for wilfully and knowingly
breaking out "the glass in the windows in the barn on said premises," is suffi-
ciently set forth.

The defendant now contends that the declaration is insufficient to sustain a
verdict for double damages; the presiding Justice ruled otherwise, and allowed
exceptions.   The exceptions must be overruled.   The declaration is sufficient
to sustain an award of either single or double damages, as the evidence may
warrant.   *Burrill Nat. Bank* v. *Edminister*, 119 Maine, 367.

The defendant argues that ownership is not alleged, but that question is not
reserved by the exceptions.   Moreover, we have already held that a cause of
action is set forth for wilfully and knowingly breaking out the glass in the
windows in the barn on the premises; we must assume that the jury was
properly instructed as to the horse-stalls, cribs, cow-chain holders and partitions.

The defendant also argues that the damages are excessive; but the evidence upon
which the verdict was based, is not before us.

On exceptions by defendant.   An action of trespass under R. S.,
Chap. 100, Sec. 9, alleging that the acts of trespass were done wilfully
and knowingly, without license of plaintiff.   Defendant questioned

the sufficiency of the declaration, but the Justice presiding ruled that the declaration was sufficient to sustain even double damages, to which ruling defendant excepted. A verdict for double damages was returned for plaintiff in the sum of $333.33. Exceptions overruled.

Case is stated in the opinion.

*George A. Cowan,* for plaintiff.

*Rodney I. Thompson,* for defendant.

SITTING: CORNISH, C. J., HANSON, DUNN, MORRILL, DEASY, JJ.

MORRILL, J. Action of trespass under R. S., Chap. 100, Sec. 9, with allegation that the acts of defendant were done wilfully and knowingly, without license of the plaintiff; the declaration has been before the court upon general demurrer, and the opinion then delivered (119 Maine, 79, 109 Atl., 376) holds (1) that ownership is an essential allegation; (2) that ownership of the land described in the declaration is sufficiently alleged; (3) that ownership in the plaintiff, of the horse-stalls, cribs, cow-chain holders, and partition walls is not sufficiently alleged; (4) that a cause of action under said statute, for wilfully and knowingly breaking out "the glass in the windows in the barn on said premises," is sufficiently set forth.

At a subsequent trial the defendant contended that the declaration was insufficient to sustain a verdict for double damages; the presiding Justice ruled otherwise, and allowed exceptions. The defendant's brief states that this is the only question presented to the Law Court.

The exceptions must be overruled. The declaration is sufficient to sustain an award of either single or double damages, as the evidence may warrant. *Burrill Nat. Bank* v. *Edminister,* 119 Maine, 367.

The defendant argues that ownership is not alleged, but that question is not reserved by the exceptions. Moreover, we have already held that a cause of action is set forth for wilfully and knowingly breaking out the glass in the windows in the barn on the premises; we must assume that the jury was properly instructed as to the horse-stalls, cribs, cow-chain holders and partitions.

The defendant also argues that the damages are excessive; but the evidence upon which the verdict was based, is not before us.

*Exceptions overruled.*