ESSEX HOLDING CORP., A NEW JERSEY CORPORATION, PROSECUTOR, v. ERWIN B. HOCK, DEPUTY COMMISSIONER OF THE STATE DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued May 6, 1947—Decided July 29, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Harold Simandl.*

For the respondent, *Walter D. Van Riper (Samuel B. Helfand* and *Emerson A. Tschupp,* of counsel).

The opinion of the court was delivered by

WACHENFELD, J. The prosecutor is the holder of a plenary retail consumption license in the City of Newark and seeks to set aside the determination of the Deputy Commissioner of the State Department of Alcoholic Beverage Control finding that the prosecutor allowed, permitted and suffered the consumption of alcoholic beverages on its licensed premises by certain minors on December 15th, 1945, in violation of Rule 1 of State Regulations No. 20 and suspending its retail consumption license for a period of twenty days.

The prosecutor operates a large hotel consisting of many sleeping rooms, public bar and restaurant, night club and a number of large rooms and halls which are rented on special occasions for weddings, banquets, &c.

On the night in question, December 15th, 1945, there were a number of functions being held in the various banquet rooms in the prosecutor's establishment. In the Terrace Annex a Christmas banquet had been arranged for a certain paint company and when the reservation was sought an inquiry was made as to whether or not there were going to be any minors and the plant manager, who was arranging the affair, replied, "I doubt it."

The hotel's general manager, its banquet manager and maitre d'hotel were apparently all men of broad experience. The hotel employed only a few "regular" waiters and "extra" waiters were obtained from the local waiters' union to serve these various private parties which were held in the banquet rooms. The hotel was obliged to take the men assigned by the union having jurisdiction and they were warned by the hotel management against serving minors.

The customary procedure on these occasions was to place in the middle of the tables pitchers of beer to be consumed by the guests, but because of the difficulties which arose, the waiters on this occasion were instructed not to place the pitchers of beer on the tables but to put them on side tables so that the guests could help themselves. When the guests arrived between seven and seven-thirty P. M., they were "screened" to determine whether any minors were present and an inquiry was made of the committee in reference thereto

and answered in the negative. Certain supervisory visits were made after the dinner was started, in an attempt to enforce the instructions given and to see that there were no disorders or intoxication and that minors were not being served.

The testimony nevertheless revealed that ten minors of high-school · age attended this dinner and were seated at various tables with adults. The instructions given to some of the waiters apparently were disregarded and they placed pitchers of beer on the tables they were serving. Three of these minors were sixteen years of age and the fourth was seventeen and all four of them admitted consuming a number of glasses of beer. The evidence indicates that the waiters were not present when this occurred, and some of the youngsters, being conscious of the fact that they were not supposed to imbibe, "sneaked the beer when the older men were not looking." During the speech-making and presentations the waiters were excluded from the room.

The beer consumed by some of the patrons under age, together with their attempts to smoke cigars, brought about a physical discomfiture which was noticeable and occasioned the investigation made by the agents of the Department of Alcoholic Beverage Control.

The Commissioner exonerated the prosecutor of the charge of selling to minors but found it guilty of permitting and suffering the consumption of alcohol beverages upon licensed premises. To review that conclusion this writ was allowed.

Rule 1 of State Regulations No. 20 provides:

"No licensee shall sell, serve, deliver or allow, permit or suffer the service or delivery of any alcoholic beverage, directly or indirectly, to any person under the age of twenty-one (21) years or to any person actually or apparently intoxicated, or allow, permit or suffer the consumption of alcoholic beverages by any such person upon the licensed premises."

The prosecutor's main contention is that unless there was knowledge of the facts complained of, it does not come within the prohibition of "allowed, permitted or suffered."

In construing this section consideration must be given to the legislative intent, and inquiry should be made to determine if it concluded to make the offense complete without

guilty knowledge. The lawmakers may declare an act criminal irrespective of the knowledge or motive of the doer of such act and the court has no right to insert an element not intended by the legislature. *Cedar Restaurant & Cafe Co.* v. *Hock,* 135 *N. J. L.* 156.

The legislature, amongst other things, in *R. S.* 33:1–73 provided:

"Intention and Construction of Law

"This chapter is intended to be remedial of abuses inherent in liquor traffic and shall be liberally construed."

Although statutes penal in character must be construed strictly, the injunction of the legislature as hereabove indicated enjoins us to the contrary in reference to liquor traffic. *Kravis* v. *Hock,* 135 *N. J. L.* 259. Our courts have held that it "is a subject by itself, to the treatment of which all the analogies of the law, appropriate to other topics, cannot be applied." *Paul* v. *Gloucester County,* 50 *Id.* 585; *Hudson Bergen County Retail Liquor Stores Association* v. *Driscoll, Commissioner, et al.,* 135 *Id.* 502. Or as was said in *Crowley* v. *Christensen,* 137 *U. S.* 86; 34 *L. Ed.* 620:

"As it is a business attended with danger to the community it may * * * be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils."

The prevention of the sale to, or the consumption by, minors of liquor upon licensed premises is of the utmost importance. Its purpose is to protect our youth and thereby make more secure the foundation of society. The intent of the legislature and the rules and regulations of the department governing enforcement clearly encompass the responsibility of the licensee for the consumption of alcoholic beverages by minors under the circumstances complained of.

Although the word "suffer" may require a different interpretation in the case of a trespasser, it imposes responsibility on a licensee, regardless of knowledge, where there is a failure to prevent the prohibited conduct by those occupying the premises with his authority. *Guastamachio* v. *Brennan,* 128 *Conn.* 356; 23 *Atl. Rep.* (2*d*) 140.

The writ is therefore dismissed.