McBRIDE, Judge.
This appeal involves the question of the legality of the revocation of the retail liquor dealer’s permit which had been issued to Peter Dauenhauer by the City of Gretna, *28 Jefferson Parish, under which he had been operating an establishment at which he sold liquor at retail (known as the “Brown Bomber”) in the City of Gretna. The revocation of Dauenhauer’s retail liquor permit was made by the Board of Aldermen for the City of Gretna, with the approval of the Mayor, under authority of LSA-R.S. 33:4785.
A resolution was adopted by the Board of Aldermen for the City of Gretna on June 10, 1955, reciting that whereas complaints had been made to the Mayor and Board of Aldermen regarding the manner in which the saloon known as “Brown Bomber,” of which Peter Dauenhauer is the proprietor, was being operated, it was resolved that Dauenhauer be notified to appear on a day and time therein stipulated before the Mayor and Board of Aldermen at a hearing with reference to the suspension or revocation of his retail liquor license because of certain infractions of the law resulting from his operation of the establishment. The resolution set forth nine alleged infractions of the law attributed to Dauenhauer. It was further resolved that a notice be issued by the Clerk of the Board of Aldermen “providing for a hearing,” and that a copy of “this resolution be attached and made a part of said notice.”
On the same day the Clerk of the Board of Aldermen sent to Dauenhauer via registered mail a notice calling upon him to appear at the City Hall on June 28, 1955, at which time a hearing was to be held with reference to the complaints against Dauenhauer. No enumeration of the causes for suspending or revoking the permit was contained in the notice; however, a copy of the resolution adopted by the Board of Aldermen was attached to and made a part of said notice as the resolution directed. On the day and at the time of the hearing Dauenhauer appeared with his attorney before the Board of Aldermen and at the outset of the proceedings Dauen-hauer’s counsel filed several exceptions to the proceedings. The exceptions were overruled, and after hearing the testimony of a number of witnesses, the Board of Aldermen unanimously voted to revoke Dauenhauer’s license, to which action the Mayor gave his approval.
This is one of two suits filed within ten days thereafter by Peter Dauenhauer against the City of Gretna in which he complained that his retail liquor permit had been illegally and unlawfully revoked and contended that he was entitled to injunctive relief prohibiting the Board of Aldermen from executing its judgment of revocation during the pendency of the suit. He prayed that ultimately the district court declare that the action of the Board of Aldermen revoking the permit be annulled and for all general and equitable relief. A temporary restraining order was issued in accordance with the prayer of the petition, and after trial of the rule nisi a writ of preliminary injunction was issued enjoining the Board of Aldermen from proceeding further with reference to the revocation of Dauenhauer’s liquor license during the pendency of the suit.
The City of Gretna interposed certain exceptions to the suit and then made answer which in effect sets forth that Dauen-hauer’s permit had been properly and legally revoked by the governing authorities of the City of Gretna. The exceptions were overruled after argument thereon and the matter proceeded to trial, and after hearing the evidence of many witnesses, the district judge sustained the action of the Board of Aldermen of the City of Gretna and ordered the judicial revocation of Dauenhauer’s permit; the writ of preliminary injunction was recalled. The matter has reached us on the devolutive appeal taken by Dauenhauer from said judgment pursuant to LSA-R.S. 33:4788.
Counsel for the City of Gretna has re-urged his exceptions to the suit before us, but after carefully considering them, we find no merit therein and our belief is that the exceptions were properly overruled by the judge below.
*29 LSA-R.S. 33:4788 provides that the holder of the permit who is aggrieved by a decision of the governing body of the municipality to suspend or revoke his permit may within ten days of the notification of the decision take a devolutive appeal to the district court having jurisdiction of his place of business and on such appeal a trial shall be had de novo. Said section further provides that within ten calendar days from the signing of the judgment by the district court the municipality or the holder of the permit, as the case may be, may devolutively appeal from the judgment of the district court to the court of appeal as in ordinary civil cases.
It is true that Dauenhauer’s suit is not technically labelled an appeal from the decision of the Board of Aldermen, but from a reading of his petition it clearly appears that Dauenhauer was aggrieved by the decision and that he desired to have the district court review the proceedings which were had before the Board of Aider-men and which led up to the revocation of his permit. We think the present suit to all intents and purposes can be considered an appeal as contemplated by LSA-R.S. 33 :4788, notwithstanding that Dauenhauer sought injunctive relief. The district court unquestionably had jurisdiction to try the matter de novo and to adjudicate the issues raised.
Dauenhauer complains that the revocation of his permit was illegal in several respects and consequently that the judgment of the court below sustaining the action of the City of Gretna was erroneous.
Being convinced that the Board of Aldermen of the City of Gretna did not conduct its proceedings leading up to the revocation of appellant’s liquor license in accordance with law, we disagree with our brother below and can only say that the conclusions and final action of the Board of Aldermen are null and void and of no effect. We need discuss but one of the several points raised by the appellant in his contention that the actions of the Board of Aldermen were highly illegal and deprived him of his valuable right to continue the operation of his retail liquor business. Dauenhauer’s chief complaint is that the notice to appear before the Board of Aider-men for a hearing on the charges against him was not issued in strict pursuance of the provisions of law and that, therefore, all subsequent proceedings must fall. Finding that the notice was not such as the law directed be sent out, our opinion is that the revocation of the permit has no legal foundation and it is without any effect whatsoever.
LSA-R.S. 33:4785 provides that any municipality may suspend or revoke certain permits within the corporate limits issued to retail dealers in beverages for certain causes. But by the provisions of LSA-R.S. 33:4786, before any permit is suspended or revoked, the holder thereof shall be entitled to a hearing and no permit shall be revoked unless such hearing has been held and a majority of the governing body of the municipality thereafter votes for such suspension or revocation.
LSA-R.S. 33:4787 makes provision for the type of notice to be sent to the holder of the permit. The pertinent part of said section is:
“A notice shall be served upon the holder of the permit stating the time and place of the hearing to be held by the governing body of the municipality which shall be not less than ten calendar days from the date such notice is given. The notice shall enumerate the cause or causes for suspending or revoking the permit, and shall be sent by registered mail to the holder of the permit at the address of his place of business as given in his application for the permit, or may be served on him in person by an officer or employee of the municipality.” (Italics ours.)
The notice which the Clerk of the Board of Aldermen sent to Dauenhauer to appear before the Board for the hearing did not enumerate any of the charges or com *30 plaints made against the permittee. The attaching of a copy of the resolution of the Board of Aldermen to the notice did not meet the requirement of LSA-R.S. 33:4787 that the notice itself shall enumerate the cause or causes for suspending or revoking the permit. Surely the notice prescribed by the statute is sacramental and is one of the conditions precedent to the revocation of the permit and a necessary corollary is that any revocation of a permit made by the governing body of a municipality in the absence of the notice provided by statute is illegal and can have no effect.
Our Supreme Court was concerned with the revocation of a boxing license in State ex rel. Orleans Athletic Club v. Louisiana State Boxing Commission, 163 La. 418, 112 So. 31, 32, and with reference to the provisions of the law respecting notice said:
“We do not think it will be seriously disputed that, where licenses such as the one in question here are granted by a legislative act, which provides for the method of revocation, that method must be rigidly followed. If notice and a hearing is required, a revocation without such is of no effect. * * * ”
Our brothers of the First Circuit also considered the question of notice in connection with the revocation of a retail liquor license in Wimberly v. White, La.App., 54 So.2d 869, 873, and said:
“The summons issued to Betty White did not enumerate the causes alleged for revoking the permit. That requirement is not met by simply annexing a copy of complainant’s petition to the summons, for the act specifically makes that an additional and further requirement. * * * ”
The quotations above have particular application here and it thus appears that the policy of the law is that the method of revoking a permit must be rigidly followed by those who seek to make the revocation.
In an answer to this appeal the City of Gretna prayed that the judgment of the lower court be amended so as to allow it to recover damages in the amount of the attorney’s fees incurred in connection with the wrongful issuance of the temporary restraining order and the writ of preliminary injunction. No such damages can be allowed if for no other than the simple reason that the revocation of appellant’s retail liquor permit was null and void and the City of Gretna could not have suffered any damages by reason of the issuance of the writs restraining it from proceeding further against Dauen-hauer.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that the revocation by the Board of Aldermen for the City of Gretna of the retail liquor permit of Peter Dauenhauer to conduct the establishment known as “Brown Bomber” at Romain and Monroe Streets in the City of Gretna, Jefferson Parish, is hereby annulled, avoided and reversed, and the Board of Aldermen for the City of Gretna is hereby enjoined and restrained from enforcing its order of revocation of said permit. The City of Gretna is cast for the stenographer’s costs for taking testimony. LSA-R.S. 13:4521.
Reversed.