HOOD, Judge.
On July 25, 1961, the City Council of the City of Sulphur, Louisiana, revoked the permit which previously had been issued to plaintiff, Mrs. Emma Thibodeaux, authorizing her to sell alcoholic beverages in that city during the year 1961. Mrs. Thi-bodeaux appealed devolutively to the District Court from the action taken by the city council, and a trial de novo was held in that court. Following this trial judgment was rendered by the District Court affirming the action of the city council in revoking the permit, and plaintiff has appealed to this court from that judgment.
The evidence shows that shortly before the first of the year, 1961, the City of Sul-phur issued a license to “Dixie Bar (Emma Thibodeaux)” authorizing the licensee or permittee to pursue the occupation of “retail liquor” for the year 1961. Although the authority of the city to issue permits to sell alcoholic beverages is controlled by two sepárate statutes, one being for beverages having an alcoholic content of more than six percent by volume (LSA-R.S. 26:73), and the other for beverages having an alcoholic content of less than six percent by volume (LSA-R.S. 26:273), the City of Sulphur, consistent with its established custom, issued only one permit or license to plaintiff, which was intended to authorize her to sell beverages of both high and low alcoholic content.
Under this permit plaintiff operated the Dixie Bar, in Sulphur, where alcoholic beverages of both high and low content were sold. Plaintiff’s husband, Early Thibo-deaux, assisted her in operating the bar and during her absence he apparently was in complete charge and control of the business.
On June 19, 1961, the City of Sulphur, being under the erroneous impression that the license had been issued to plaintiff’s husband instead of to her, notified Early Thibodeaux by letter to appear before the city council on June 30, 1961, for a hearing to determine whether his retail permit to sell alcoholic beverages should be suspended or revoked. In that letter it was stated that the cause for the proposed suspension or revocation of the license was that on May 31, 1961, Mr. Thibodeaux had sold and served alcoholic beverages to a minor under 18 years of age named Walter Wendell Watson, in violation of LSA-R.S. 26:285.
As a result of the hearing held on June 30, 1961, the city council ordered the permit allegedly issued to Early Thibodeaux revoked, and on the same day a police officer of the City of Sulphur picked up the license and delivered it to the mayor’s office where the notation "Voided June 30, 1961 by City Council” was written across the face of it. At the time the permit was picked up Early Thibodeaux informed the police officer that the license had been issued in his wife’s name, rather than in his. The Dixie Bar was closed on that day, however, and neither plaintiff nor her husband have engaged in the business of selling alcoholic beverages since that time.
On July 10, 1961, Mrs. Emma Thibodeaux filed a proceeding in the District Court in which she demanded that the action taken by the city council on June 30, 1961, revoking her license be reversed and set aside. This proceeding was treated by the District Judge as an appeal from the action taken by the city council on June 30, 1961, relative to this permit, although Mrs. Thibo-deaux was not a party to that proceeding, had received no notice of it and was not present at the hearing.
On or about July 13, 1961, after the permit had been picked up and after plaintiff had appealed to the District Court, the city council, upon advice of the city attorney, notified Mrs. Thibodeaux by letter to appear before the council on July 25, 1961, *52 far a hearing to determine whether her permit to sell alcoholic beverages should be suspended or revoked. The grounds for the proposal to suspend or revoke her permit were stated in the letter as follows:
“(1) On or about the 31st day of May, 1961, your place of business, ‘The Dixie Bar,’ did sell and serve alcoholic beverages to a minor under the age of eighteen (18) years by the name of Walter Wendell Watson, in violation of [LSA-] R.S. 26:285.
“(2) Disturbances of the Peace were permitted on your premises, i. e., ‘The Dixie Bar,’ in some cases the Police of the City of Sulphur not having been called either at the time of or after said disturbances of the peace.
“(3) There has been a failure to keep the licensed premise, i. e., ‘The Dixie Bar,’ well lighted and a failure to keep all outside windows and doors open to view from the sidewalk or outside.”
At the hearing held on July 25, 1961, Mrs. Thibodeaux, through her attorney, objected to the proceeding on several grounds. All of these objections were overruled by the city council, however, and after the hearing the council concluded that all of the facts stated in the notice of such hearing had been established by competent evidence. By unanimous vote, therefore, the city council on July 25, 1961, revoked the license or permit to sell alcoholic beverages during the year 1961 which had been issued to Mrs. Emma Thibodeaux.
On July 31, 1961, Mrs. Thibodeaux filed this proceeding, appealing devolutively to the District Court .from the action taken by the city council on July 25, 1961. A trial de novo was then held in the District Court on October 9, 1961, on each of the two appeals which had been taken by Mrs. Thibodeaux.
At the conclusion of the hearing on the first appeal, the District Court rendered judgment reversing the action of the city council taken'on June 30, 1961, revoking the permit or license. The reason assigned by the District Judge for reversing the city council in that case was that Mrs. Thibodeaux, in whose name the permit had been issued, had not been served with any notice of the hearing.
At the trial de novo held on the second appeal, the trial court correctly refused to permit the City of Sulphur to introduce evidence in support of its charge that disturbances of the peace had been permitted on plaintiff’s premises, known as the Dixie Bar, the reason for such ruling being that the facts pertaining to these alleged disturbances of the peace had not been particularized sufficiently to enable the licensee to defend herself properly at the hearing. At the conclusion of the trial de novo on this appeal, judgment was rendered by the District Court on October 11, 1961, affirming the decision of the city council rendered on July 25, 1961, revoking plaintiff’s permits to sell alcoholic beverages of both high and low alcoholic content. A formal decree to that effect was read and signed on October 27, 1961, and plaintiff’s subsequent motion for a new trial was overruled. It is from that judgment that this appeal was taken.
Plaintiff contends primarily that the city council had no right or cause of action to revoke her permit as a result of the hearing held on July 25, 1961, because the permit issued to her had already been revoked, although illegally, prior to that time. It is argued that under the provisions of LSA-R.S. 26:275 Mrs. Thibodeaux was required to prominently display the permit to sell alcoholic beverages in her place of business, and that the action of the city council in taking her permit away from her on June 30, 1961, although illegal, constituted an actual revocation of her permit, and thus she had no permit which could be revoked at the time of the second hearing on July 25, 1961.
 Since Mrs. Thibodeaux was not a party to the first hearing held on June 30, *53 1961, the attempted revocation of her permit by the council as a result of that hearing was null and void. The trial court correctly held, we think, that her permit had not been legally revoked as a result of the first hearing, that the permit was still in effect at the time of the second hearing, and that the city council accordingly had the right to revoke that permit for sufficient cause at the second hearing. We think the exception of no right or cause of action, therefore, was properly overruled.
Plaintiff further contends that the city council was barred from revoking her permit, on July 25, 1961, because her appeal to the District Court from the first hearing was pending at that time. We find no merit to that argument because Mrs. Thibodeaux was not a party to the first hearing held on June 30, 1961, the sole parties to that proceeding being the City of Sulphur and Early Thibodeaux. It is true that Mrs. Thibodeaux appealed from the action of the city council taken as a result of that hearing, but the issues raised in that appeal are different from those presented here. The fact that the first appeal was pending on July 25, 1961, therefore, did not bar the city council from holding the hearing scheduled for that date and from revoking the permit or license which had been issued to Mrs. Thibodeaux.
The appellant contends that she did not sell beer to a minor, and that her permit cannot lawfully be revoked by the city council because of the acts of her husband, Early Thibodeaux, in doing so. The evidence shows that Mrs. Thibodeaux was not present in the bar at the time beer was sold to the minor on May 31, 1961. Early Thibodeaux and a barmaid were there, and plaintiff’s husband apparently was in charge of the business at that time. The minor, Walter Wendell Watson, who was then 15 years of age, came into the bar and sat in a booth. Mr. Thibodeaux, observing that he was small, instructed the barmaid to check his I.D. card, and she thereupon obtained a card from the youth and brought it to Mr. Thibodeaux. Plaintiff’s husband testified that he noted that the card showed that the person therein named was born in April, 1942, but that “there was no identification on the back of the card that I saw.” He thereupon ordered the barmaid to return the card to the customer and to serve him the beer which he had ordered. The barmaid then sold Watson the beer.
Although there is some confusion in the testimony as to the card which was shown to Mr. Thibodeaux, we are convinced, as was the trial judge, that the card was one which had been issued to another person, named Jessie Swire, Jr., that it showed that the person therein named was born on April 2, 1942, and that on the reverse side of the same card it described Swire as having brown eyes, brown hair, as being five feet ten inches in height, and as weighing 135 pounds. Watson, the youth to whom the beer was sold, had black hair and hazel eyes, he was not over five feet three inches in height, and he weighed about 125 pounds. A casual check of the description shown on the card, and particularly the color of the eyes and the height of the person therein described, should have indicated to Mr. Thibodeaux that the person in the bar was not the same person as that described on the I.D. card.
LSA-R.S. 26:285, relating to the sale of beverages having a low alcoholic content (including beer), provides that:
“No person holding a retail dealer’s permit and no servant, agent or employee of the permittee shall do any of the following acts upon the licensed premises:
“(1) Sell or serve beverages of low alcoholic content to any person under the age of eighteen years.
“Violation of this Section is punishable as provided in R.S. 26:521 and is also sufficient cause for the suspension or revocation of a permit.”
Plaintiff’s husband,- Early Thibodeaux, who ordered the bardmaid to sell the beer in that instance, clearly was an agent of *54 Mrs. Thibodeaux, and the waitress who actually made the sale was her employee. Under the above quoted statutory provisions the sale of beer, being a beverage of low alcoholic content, by an agent or employee of the permittee is sufficient cause for the suspension or revocation of the permit.
Counsel for plaintiff argues, however, that LSA-R.S. 26:88, relating to the sale of beverages of high alcoholic content, contains substantially the same wording as that contained in LSA-R.S. 26:285, but that the former includes a specific provision that “Violation of this section by a retail dealer’s agent, associate, employee, representative or servant shall be considered .the retail dealer’s act for purposes of suspension or revocation of the permit.” (See Par. 12 of LSA-R.S. 26:88). No such provision is contained in LSA-R.S. 26:285, and it is argued that this indicates that the Legislature did not intend that the acts of the agent or employee were to be considered as the acts of the permittee insofar as the sales of beverages of low alcoholic content are concerned. We cannot agree with that argument. Paragraph 12 (quoted above) of LSA-R.S. 26:88 was added by an amendment adopted in 1950. We do not think the Legislature by adding that provision to the laws relating to the sale of beverages of high alcoholic content intended to change the law in any way insofar as it related to the sale of beverages of low alcoholic content.
Although no Louisiana cases have been cited by either counsel on this particular issue, we think the great weight of authority is to the effect that a permit to sell alcoholic beverages may be revoked on the ground of making unlawful sales to a minor, even though the sales were made by employees or agents of the licensee without his knowledge and contrary to his instructions. See 3 A.L.R.2d 108 and cases cited therein; 30 Am.Jur. 635, Intox.Liquors, § 176 and § 177; 48 C.J.S. Intox.Liquors § 259; Anschutz v. Michigan Liquor Control Commission, 343 Mich. 630, 73 N.W.2d 533; Boyd v. Allen, 246 N.C. 150, 97 S.E.2d 864; Mazza v. Cavicchia, 15 N.J. 498, 105 A.2d 545; Cooper v. State Board of Equalization, 137 Cal.App.2d 672, 290 P.2d 914. In our opinion this rule applies even though the statute does not specifically provide that the acts of the agents or employees of the permittee are to be considered as the acts of the permittee for the purpose of suspension or revocation of the permit.
In the instant suit we conclude that the license or permit to sell beverages of low alcoholic content, issued by the City of Sulphur to Mrs. Emma Thibodeaux, may be revoked by the city council of that city on the grounds that an unlawful sale was made to a minor, even though the sale was-made by an agent or employee of the per-mittee and without her knowledge.
We find no merit to plaintiff’s additional argument that the act of her husband in selling beer to Watson, who was under 18 years of age, cannot serve as the basis for revoking her permit, because the sale was made without knowledge on the part, of Early Thibodeaux that the purchaser was under age and a reasonable effort was made by Thibodeaux to determine his age.
In State v. Emerson, 233 La. 885, 98 So. 2d 225, the defendant was convicted on a. charge of selling beer to minors under the age of 18 years, in violation of LSA-R.S. 26:285(1). The facts in that case were that the marshal of a ward in Webster Parish secured the services of two minors, who were under 18 years of age, to go to appellant’s place of business and to make an effort to buy beer; that both of these minors had the appearance of being over 18, and that they purposely avoided telling-their ages when inquiry was made by the licensee. The defendant contended that the conviction and sentence should be set aside because the facts and circumstances constituted “entrapment.” The Supreme Court-affirmed the conviction and sentence, however, in spite of the fact that the defendant made a reasonable effort to determine-the ages of the minors and did not have- *55 knowledge of the fact that they were under the age of 18 years.
Since lack of knowledge of the age of the purchaser, after reasonable effort has been made to determine the age, is not a defense to a criminal charge under LSA-R.S. 26:285(1), we think a defense of that kind is equally as unavailable to the permittee in an action to suspend or to revoke a permit under the same section of the Revised Statutes. See also Mazza v. Cavicchia, supra; Rufo v. Board of Liquor Control (Ohio App.) 130 N.E.2d 374; Barnett v. O’Connell, 279 App.Div. 449, 111 N.Y.S.2d 166; Essex Holding Corporation v. Hock, 136 N.J.L. 28, 54 A.2d 209; Guastamachio v. Brennan, 128 Conn. 356, 23 A. 2d 140; In re Suspension of License by Oregon Liq. Contr. Commission, 180 Or. 495, 177 P.2d 406; 48 C.J.S. Intoxicating Liquors § 259; 30 Am.Jur. 676, Intoxicating Liquors § 243; 3 A.L.R.2d 108.
We might add, although we think it is immaterial to the issues presented here, that the evidence convinces us that Mr. Thibodeaux did not make a reasonable effort to determine the age of Watson before authorizing the sale of beer to him. As has already been pointed out, a reasonably careful check of the I.D. card furnished by Watson would have revealed that he was not the person therein described. Even if lack of knowledge of the age of the purchaser after reasonable effort to obtain that information should be considered a proper defense in this case, therefore, the evidence fails to support plaintiff’s position in that respect.
For the reasons hereinabove set out, we think the evidence supports the trial court’s judgment affirming the decision of the city council, rendered on July 25, 1961, revoking plaintiff’s license or permit to sell beverages of a low alcoholic content. There remains, however, the issue of whether the city council was legally justified in also revoking her permit to sell beverages of a high alcoholic content on the ground that plaintiff’s premises were not well lighted and that all of the outside windows and doors were not open to view from the sidewalk or outside.
LSA-R.S. 26‘:88 provides that the failure of the permittee “to keep the licensed premises well lighted, and all outside windows and doors open to view from the sidewalk or outside” shall be sufficient cause for the suspension or revocation of his permit.
The evidence establishes that most of the lighting inside plaintiff’s premises, known as the Dixie Bar, was provided by the juke box and by the lights in whiskey and beer advertising signs and in clocks in the premises, and that most of these lights were located near the bar. There was sufficient light at the bar to enable a person to read, but the areas in which the booths were located were relatively dark. The evidence further shows that all of the windows on the front of the building, facing the sidewalk, were completely 'covered by advertising materials and paint, so that it was impossible to see through any part of these windows. There were two glass doors in the front of the building, but all of the glass on these doors was covered by advertising signs, curtains or paint, except for two spaces in each door approximately twelve by fourteen inches in size. Two police officers for the city testified, however, that a person could not see into the bar from the street or from the outside. The trial judge concluded that plaintiff had not kept the licensed premises well lighted and had not kept all outside windows and doors open to view from the sidewalk or outside, as required by LSA-R.S. 26:88(9).
 We realize, as counsel for plaintiff points out, that LSA-R.S. 26:88(9) is somewhat vague and general in its provisions. We also cannot help but take judicial notice of the fact that there are many licensed premises with windows, some of which are located in upper stories of buildings or in basements, where a view into the premises from the street would be physically impossible even though the win *56 dows were left open. We cannot agree with counsel for plaintiff, however, in the argument that this statutory provision is “so vague, general and indefinite as to make it impossible of fair enforcement.”
A “window” has been defined as “an opening in a building for light and air * * Benner v. Benner, 119 Me. 79, 109 A. 376; Hale v. Springfield Fire and Marine Insurance Company, 46 Mo.App. 508; People v. Brasi, Mag.Ct., 118 N.Y.S. 2d 608. In Black’s Law Dictionary, 4th Ed., it is described as “An opening made in a wall or a building to admit light and air and to furnish a view or prospect.” In Webster’s Third New International Dictionary, G. & C. Merriam Company, a window is defined as, “An opening in a wall of a building or a side of a vehicle to admit light usually through a transparent or translucent Material (as glass), usually to permit vision through the wall or side, and often to admit air.” And, the following definition is given in Murray’s New English Dictionary: “An opening in a wall or side of a building, ship or carriage to admit light or air, or both, and to afford a view of what is outside or inside.”
We understand from the evidence presented in this case that the windows located in the front of the Dixie Bar were of glass, and were designed to admit light or air and to afford a view of what is outside or inside the premises. We interpret LSA-R.S. 26:88 to mean that where a window, as hereinabove defined, exists in a building where the sale of alcoholic beverages has been authorized, the window must not be screened or covered, but it must afford at least a reasonably clear and unobstructed view of the interior of the licensed premises from the sidewalk or the outside. See Dauenhauer v. City of Gretna, La.App.Orl., 93 So.2d 27; People v. Ballas, 344 Ill.App. 644, 101 N.E.2d 844; and People v. Brasi, supra.
In Dauenhauer v. City of Gretna, supra, the revocation by the city of a permit to sell alcoholic beverages was upheld where one of the reasons for revoking the permit was that the permittee failed to keep the main outside door open to full view from the sidewalk or the outside.
We find no error in the trial court’s conclusion that plaintiff in this case had failed to keep the licensed premises well lighted and had failed to keep all outside windows open to view from the sidewalk or from the outside, as required by LSA-R.S. 26:88(9). Her failure to do so constitutes sufficient cause for the revocation of her license by the city council.
Plaintiff argues, finally, that she has not violated the standards set by the City of Sulphur insofar as the lighting of her premises and keeping the windows and doors open to view are concerned, and that the revocation of her license by the city is arbitrary, capricious and too harsh a remedy for the offenses allegedly committed.
There is no inherent right in a citizen to sell intoxicating liquor, and the business of selling beverages of that type may be permitted under conditions such as will limit to the utmost the evils associated therewith. Although constitutional guarantees cannot be transgressed, it is settled that a permit to sell alcoholic beverages is subject to the police power of and to reasonable regulation by the State or its political subdivisions. City of Baton Rouge v. Rebowe, 226 La. 186, 75 So.2d 239; Dauenhauer v. City of Gretna, supra; City of De-Ridder v. Mangano, 186 La. 129, 171 So. 826; State v. Morton, 182 La. 887, 162 So. 718; City of New Orleans v. Smythe, 116 La. 685, 41 So. 33, 6 L.R.A.,N.S., 722; Boyd v. Allen, 246 N.C. 150, 97 S.E.2d 864; Mazza v. Cavicchia, 15 N.J. 498, 105 A.2d 545.
The facts in this case show that the minor, Walter Wendell Watson, purchased beer in four different establishments on May 31, 1961. When this fact became known to the officials of the City of Sulphur, the city' council promptly undertook to revoke the 1'icenses of all of these establishments. One, *57 however, was located outside the city limits, and the council was advised by the city attorney that it could not revoke the license of another because no beverages of high alcoholic content were also sold there. The council did institute proceedings, however, to revoke the license issued to plaintiff and the license issued to another per-mittee who had sold beer to this minor. The hearing in these two cases were fixed for the same day, June 30, 1961, and according to the testimony of the mayor the licenses of both of these permittees were revoked following that hearing.
The evidence also shows that Mrs. Thibo-deaux was notified in January, 1961, that it would be necessary for her to place more lights in the Dixie Bar and to make all outside doors and windows open to view from the sidewalk or outside. In compliance with that notice, she did improve the lighting inside the bar and she removed the obstructions from the windows and doors. Sometime thereafter, however, the windows and most of the glass doors were again covered so that a person could not see inside the bar from the outside and the .amount of light inside the premises was reduced.
In our opinion the evidence does not show that the city council has acted in an arbitrary, capricious or discriminatory manner. It appears to us that plaintiff had adequate notice of the standards demanded by the city council, and that she failed to comply with the requirements of LSA-R.S. 26:88(9). Although plaintiff feels that the action taken by the city council is harsh, the revocation or suspension is within the discretion of the City of Sulphur, and since the law authorizes the revocation of her permit under the facts presented here, we feel that the decision of the city council should not be disturbed.
For the reasons herein set out the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.