Dear Senator Broome:
We are in receipt of your opinion request to this office concerning a rule promulgated by the Office of Alcohol and Tobacco Control. In short, the questions presented in your request prompt us to answer the following question: where state law permits a liquor licensee to provide on premises wine tasting events, does such permission entitle the licensee to conduct wine tasting sessions at locations off the licensed premises? We respond in the negative.
The case of Peek vs. Alcohol Beverage Control Board,434 So.2d 1266 (La. App 1st Cir. 1983) succinctly sets forth our state's regulatory authority concerning the sale of alcoholic beverages, which we reference herein. As per Peek, supra, theTwenty-First Amendment of the United States Constitution gives broad, sweeping power to state governments to regulate and control the sale of intoxicating beverages. This power is something more than normal state authority over public health, welfare, and morals, and is almost exclusive and unlimited. 48 C.J.S. § 24b (1981). There is no inherent right to sell intoxicating liquor, and the state, under its police power, may regulate and control the sale of alcoholic beverages so as to limit the utmost evils associated herewith. City of Baton Rouge v. Rebowe, 75 So.2d 239 (La. 1954);State v. Morton, 162 So. 718 (La. 1935); and Thibodeaux v. City ofSulphur, 140 So.2d 49 (La.App. 3rd Cir. 1962).
The state may enact laws regulating the traffic of intoxicating beverages, it may prohibit altogether such traffic, either statewide or in certain localities, or it may prohibit the sale of liquor to certain persons, at certain places, or on certain days.City of Bogalusa v. Gullotta, 159 So. 309 (La. 1935). The state may also regulate the quantities in which liquor may be sold, the containers, signs and advertising, the displaying of a license in a dealer's premises, and the screening or curtaining of premises. 48 C.J.S. § 41 (1981).
Turning to the issue at hand, note that R.S. 26:75 is entitled "operation without permit prohibited" and states in Part (A) "no person shall do any act for which a permit is required by this Chapter or by local authorities acting hereunder unless he holds the proper state and local permit" and further states in Part (B) that "a permit is required of any person who does any act as a dealer."[1] These permits pertain to acts of a dealer onlicensed premises. See R.S. 26:71.1 defining Class A and Class B permits. Part (C) of 26:75 provides that "notwithstanding any law to the contrary, beer, wine, or other spirit sampling for the purposes of allowing a consumer to try the taste of a product may be conducted on the premises of a Class A or Class B permit holder."[2]
It is our opinion that since off premises wine tastings are not expressly allowed, they are beyond the privileges granted a liquor licensee by his permit. This interpretation is in accord with our rule of statutory construction which dictates that the mention of one thing in a statute implies the exclusion of the other. SeeRansome vs. Ransome, 822 So.2d 746 (La.App. 1st Cir. 2002).
The rule promulgated by the Office of Alcohol and Tobacco Control is LAC 55:VII.317.C(2)(h) which states in pertinent part:
 Beer, wine, or beverage alcohol sampling for the purpose of allowing a customer to taste a brand of beverage alcohol must be conducted on any premises holding a permit as designated in R.S. 26:75.C.(1) and 2756.B.(1) in accordance with the following restrictions.
In our opinion, the rule adopted by the Board is consistent with current state law.
Should you have other questions in which we may provide assistance, please contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] Corresponding provisions are also found at R.S.26:275(B)(1) and (2).
[2] (1)Class A-General:
(a) A Class A-General retail permit shall be issued only to a retail outlet where beverage alcohol is sold on the premises for consumption on the premises by paying customers. Such an establishment must be equipped with a permanent wet bar equipped with a non-movable sink and a backbar or similar equipment for public display and to inform the public of brands and flavors offered for sale.
(b) A Class A-General retail establishment shall be staffed by a bartender whose primary duty is to open and/or prepare beverage alcohol products for consumption on the premises by paying customers, or prepared with an appropriate lid or cover on the container for take out service. Such an establishment must meet all state and local health and zoning requirements as set forth by the state and by parishes and municipalities where a Class A-General retail outlet is located.
(c) Repealed by Acts 1995, No. 1016, § 2.
(d) A Class A-General retail permit shall be issued only to an establishment where the state law provides that no person under the age of eighteen years is allowed on the premises except as provided in R.S. 26:90(A)(8)(a).
(e) Notwithstanding the provisions of Subparagraphs (a) through (d) of this Paragraph, the commissioner may issue a Class A-General liquor permit to any bona fide commercial film theater which had a Class A liquor permit on January 1, 1994.
(f) Notwithstanding the provisions of Subparagraphs (a) through (e) of this Paragraph, the commissioner may issue a Class A-General retail permit to any retail establishment for consumption on or off the premises. Such establishment must meet all state and local health and zoning requirements as set forth by the state and by parishes and municipalities where the retail outlet is located. A Class A-General retail permit issued pursuant to the authority granted by this Subparagraph shall not be deemed or qualify as a prerequisite for the issuance of any other type license or permit issued by the state or any political subdivisions thereof.
(g) The licensed premises of a Class A-General retail permit shall be able to accommodate a minimum of twenty-five patrons and contain no less than three hundred seventy- five square feet of public habitable floor area.
(h) The commissioner shall promulgate rules regarding requirements related to the number and location of public restrooms to be used in conjunction with the licensed premises of each Class A-General retail permit.
(i) Any Class A-General retail permit application submitted prior to September 1, 2001, shall not be required to meet the qualifications set forth in Subparagraph (g) of this Paragraph.
(2) Class A-Restaurant:
A Class A-Restaurant permit shall be issued only to a "restaurant establishment" as defined by R.S. 26:73(B) and issued to a facility in conjunction with a Class "R" restaurant permit under the provisions of R.S. 26:73.
(3) Class A-Special:
(a) A Class A-Special permit shall be issued to any facility which is situated on state-owned land, and which is being developed or operated by the state for public purposes, without the necessity for a local permit from the parish or municipality, notwithstanding the provisions of R.S. 26:81(B)(1) and (C), 273(A)(1), 281(B) and (C)(1), 582 and 595, if all other pertinent qualifications and conditions of this Title are satisfied, and such establishment meets all state health and zoning requirements as set forth by the state.
(b)(i) The provisions of Subparagraph (a) of this Paragraph shall apply only to the Sabine River Authority Conference and Recreational Facility, located in Ward 3, Sabine Parish, Louisiana and shall be applicable only after the following proposition has been submitted to a local referendum election to the voters of Ward 3, Sabine Parish at the congressional general election to be held in 1994, with a favorable vote of a majority of votes cast, to wit:
"Shall the sale of alcoholic beverage of both high and low alcohol content for consumption on the premises be permitted at the Sabine River Authority Conference and Recreational Facility in Ward 3, Sabine Parish, Louisiana?"
(ii) This Subparagraph shall be the sole and only enabling act necessary to call this election, notwithstanding the provisions ofR.S. 26:587.
(4) Class A-Restaurant-Conditional:
(a) Any retail establishment holding a Class A-General permit issued pursuant to this Section may be issued a Class-A-Restaurant-Conditional permit, provided it meets the requirements of R.S. 26:73(B)(1), (2), (3), (5), and (6) during the hours from 7:00 a.m. until 11:00 p.m. each day of operation.
(b) Notwithstanding the provisions of R.S. 26:90(A)(3)(a) or any other law to the contrary, any establishment which qualifies and receives a Class-A-Restaurant-Conditional permit may permit any person under the age of eighteen on the premises between the hours of 7:00 a.m. and 11:00 p.m.
(c) No additional fee shall be charged for the application or issuance of a Class-A-Restaurant-Conditional permit.
(d) Notwithstanding any other provision of law to the contrary, a retail establishment located at a public or private golf course licensed to operate video draw poker devices pursuant to the provisions of Chapter 6 of Title 27 of the Louisiana Revised Statutes of 1950 prior to January 1, 2004, may be issued a Class A-Restaurant- Conditional permit regardless of the amount or the percentage of food or food items sold at that establishment provided that the establishment meets all other criteria required by the provisions of this Chapter.