THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY J. DOSCHER, Relator, *v.* HERBERT S. SISSON, Commissioner of Excise of the State of New York, Respondent.

Second Department, April 5, 1918.

**Intoxicating liquors — suspension of rights of certificate holder during war — action suspending said rights will not be stayed — failure of statute to authorize reimbursement of certificate holder.**

Although the holder of a liquor tax certificate has prepaid the tax for a year's traffic, his rights to continue said traffic are not paramount to the exercise of the State police power to suspend the privileges thereunder during the war in pursuance of chapter 521 of the Laws of 1917, although said statute does not make adequate provision for reimbursement to the certificate holder. Hence, the action of the Excise Department in suspending such certificate will not be stayed on writ of certiorari to review its action.

CERTIORARI issued out of the Supreme Court and attested on the 9th day of August, 1917, directed to Herbert S. Sisson, as Commissioner of Excise of the State of New York, commanding him to certify and return to the office of the clerk of the county of Kings all and singular his proceedings had in connection with an order made on the 17th day of July, 1917, approved by the Governor of the State of New York on the 24th day of July, 1917, in pursuance of chapter 521 of the Laws of 1917, suspending relator's privileges under certain unexpired liquor tax certificates, and prohibiting the sale of alcoholic beverages within a certain territory in which were located relator's premises at No. 5401 Third avenue in the borough of Brooklyn, city of New York.

The proceeding between the same parties (180 App. Div. 464; affd., 222 N. Y. 387) concerned the refusal of the Excise Department to renew this relator's liquor tax certificate for the excise year beginning October 1, 1917. This certiorari, however, now before us, was sued out against the suspension of relator's privileges under the prior certificate issued October 1, 1916. On August 11, 1917, the Special Term, which granted this writ, also stayed the Excise Department from such action pending this certiorari. (101 Misc. Rep. 23.)

*Emanuel Celler* [*Meyer Kraushaar* with him on the brief], for the relator.

*William R. Dorman* [*Harry D. Sanders* with him on the brief], for the respondent.

PUTNAM, J.:

The order of the State excise authorities acting under the powers conferred by this statute has been held constitutional. (180 App. Div. 464; 222 N. Y. 387.)

Relator, however, points out a distinction. After he had prepaid the tax for a year's traffic, the State has nevertheless suspended such traffic without providing any compensation, or for reimbursement by the return of the proportionate unexpired part of the excise year. It appears that under the existing Liquor Tax Law a certificate holder cannot obtain a refund for the unused period, without surrender and cancellation of such certificate, and, even then, he does not have the full *pro rata* sum. (Liquor Tax Law [Consol. Laws, chap. 34; Laws of 1909, chap. 39], § 24, subd. 1, as amd. by Laws of 1917, chap. 623.)

Obviously, this suspension and stoppage of relator's privileges involved him in losses, since the Newton Law aforesaid contemplates a suspension for the period of the war. On the other hand, through the stay granted with this writ, relator was enabled to continue his traffic from August eleventh up to the thirtieth of September, the close of the excise year. Whether or not relator should have a proportionate return of the tax money prepaid for the time that relator was prevented from engaging in the traffic in liquors, we need not inquire. We recognize that a certificate which is thus issued should carry with it a right to a just rebate if the State stop or suspend its operation without fault of the certificate holder.

We are agreed, however, that the rights conferred under such liquor tax certificate were not paramount to this exercise of the State's police power to suspend the privileges thereunder, even if the provisions for reimbursement were not full and complete. The Court of Appeals has said: " The suspension was but a means to the end that the sale be prohibited. But that end is not dependent exclusively upon that means. It may be accomplished as lawfully and effectively by refusing.

to issue or by suspending the issuance of a certificate for a place within a territory interdicted to the traffic by the order of the commissioner, and the Legislature intended that such method of accomplishment, whenever and wherever the conditions made it appropriate, should be invoked." (222 N. Y. 387, 394, 395.)

I advise, therefore, that this writ of certiorari be dismissed and the stay dissolved, with fifty dollars costs and disbursements.

JENKS, P. J., THOMAS, MILLS and RICH, JJ., concurred.

Writ of certiorari dismissed, and stay dissolved, with fifty dollars costs and disbursements.