In the Matter of the Application of JOSEPH BUSHELL, Appellant, for a Mandamus Order against THE CITY OF NEW YORK and Others, Respondents.*

First Department, November 9, 1934.

*Jacques Schurre*, for the appellant.

*Oren C. Herwitz* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondents.

MARTIN, J. The petitioner alleges that he was and still is the owner of a stationery and candy store at No. 114 East One Hundred and Eighty-third street, borough of Bronx, city of New York. On April 11, 1933, the city of New York, through the board of health, issued a temporary permit to petitioner to sell beer and light wines in classification "D," for which he paid the required fee of fifteen dollars. By virtue of section 165-b of the Sanitary Code, the temporary permit or an extension thereof was to expire April 7, 1934.

Chapter 180 of the Laws of 1933, constituting chapter 3-B of the Consolidated Laws, referred to as the Alcoholic Beverage Control Law, took effect on April 12, 1933. By virtue of said law,

* Affd., 266 N. Y. ——.

more specifically section 130 thereof, the temporary permit was caused to expire June 1, 1933. The petitioner applied to the State Board for a license to sell beer and wine at retail to be consumed either on or off the premises, but the application was rejected and he was refused a license.

The petitioner contended that under and by virtue of the provisions of the Alcoholic Beverage Control Law, he was entitled to a *pro rata* refund of twelve dollars and seventy-five cents from the city of New York and that this refund was mandatory. Due demand for the refund was made; the refund was refused. A peremptory or alternative order of mandamus was then sought directing the comptroller of the city and the mayor to pay twelve dollars and seventy-five cents, with interest from June 1, 1933. The facts upon which the petition was based were admitted. No answering affidavits were submitted by the respondents. The motion was denied and this appeal taken by the petitioner.

The respondents urge that the order should be affirmed; that the petitioner would not have been entitled either in law or in equity and good conscience to a refund of any portion of the license fee paid by him upon the subsequent enactment of chapter 180 of the Laws of 1933 if section 130 thereof did not purport to direct the city to make such refund, and that in so far as chapter 180 of the Laws of 1933 purports to direct the city of New York to make a *pro tanto* refund to the petitioner herein, it contravenes article VIII, section 10, of the Constitution of the State. That section provides that no county, city, town or village shall give any money or property or loan its money or credit to or in aid of any individual, association or corporation.

The appellant contends that the State has the constitutional power to terminate all existing licenses and to direct a *pro rata* refund; that it is immaterial whether a remedy by action exists, as an application for mandamus is directed to the discretion of the court, and that there is no defense to the contention of appellant for the reason that his right to a *pro rata* refund is clear, both in law and upon the facts.

The Alcoholic Beverage Control Law (Laws of 1933, chap. 180, § 130) reads as follows:

" Local licenses. Notwithstanding the provisions of any general, special or local law, all licenses heretofore granted by a city, village or town for the brewing or sale of beer shall expire June first, nineteen hundred thirty-three. The fee paid to such city, village or town for such license so expiring shall be credited upon the license fee provided in this chapter for a license to brew or sell beer in case the holder of such city, village or town license shall be granted

a license by the state board. In case the holder of such city, village or town license shall not be granted a license under the provisions of this chapter by the state board, such portion of the money so paid for such city, village or town license shall be returned to him by such city, village or town *pro rata* in the proportion which the unexpired period for which such license was granted bears to the entire period thereof."

The contention of the appellant is supported to some extent by the decision of the Appellate Division, Second Department, in the case of *People ex rel. Doscher* v. *Sisson* (182 App. Div. 734). In that case the court, in passing upon the power of the State excise authorities to suspend a liquor tax certificate during the World war in pursuance of chapter 521 of the Laws of 1917, said: " It appears that under the existing Liquor Tax Law a certificate holder cannot obtain a refund for the unused period, without surrender and cancellation of such certificate, and, even then, he does not have the full *pro rata* sum."

That the State has the constitutional power to control and regulate the issuance and revocation of all liquor licenses has been declared by the Court of Appeals in a direct attack upon the constitutionality of the Liquor Tax Law of 1896. (*People ex rel. Einsfeld* v. *Murray*, 149 N. Y. 367.) In that case the court said: " We assent to the claim of the counsel for the appellant that the towns, cities and villages never acquired any irrevocable right to receive the license fees collected. We do not doubt that it would have been competent for the Legislature from the first to have required all license fees to be paid into the State treasury for general State purposes, or at any time to have changed the practice which was adopted."

In the case of *Augner* v. *Mayor, etc.* (14 App. Div. 461), this court held that the plaintiff had a right of action on an implied promise to repay a *pro rata* share of the license fee paid by plaintiff and covering that period during which the State had abrogated the license.

The State may not only abrogate a license but may say what part of the fee, if any, shall be returned. The part of the fee covering the unexpired term belongs to the party paying same and in all fairness and good conscience should be returned. The State has the absolute right to return the whole or any part of the fee, especially when there is a moral obligation to do so where a license has been canceled.

The right of the petitioner to repayment is clear. The law provides for repayment for the unexpired period for which the license was granted. The court may, therefore, in its discretion, compel payment by mandamus.

The order of the Special Term should be reversed, with twenty dollars costs and disbursements, and the motion for a peremptory mandamus order granted.

FINCH, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion for a peremptory order of mandamus granted. Settle order on notice.