In the Matter of AVON BAR & GRILL, INC., Respondent, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Appellants.

Argued May 29, 1950; decided July 11, 1950.

*Alvin McKinley Sylvester* for appellants. This case resolved itself into a clear-cut issue as to the veracity of the opposing witnesses. According to the testimony of the police officers the betting was done openly and in the immediate presence of the licensee. The licensee's witnesses denied the illegal acts testified to by the officers. The question of credibility of the witnesses was for the board alone, and its finding is therefore supported by substantial evidence. (*People ex rel. Price* v. *Sheffield Farms Co.*, 225 N. Y. 25; *Matter of Kormann's Hofbrau* v. *O'Connell*, 275 App. Div. 930, 300 N. Y. 521; *Matter of Huber* v. *O'Connell*, 297 N. Y. 577; *Matter of Bolani* v. *O'Connell*, 296 N. Y. 871; *Matter of Weinstein* v. *Board of Regents*, 292 N. Y. 682; *Matter of Menick* v. *Bruckman*, 279 N. Y. 795; *Matter of Miller* v. *Kling*, 291 N. Y. 65; *Matter of Stork Restaurant* v. *Boland*, 282 N. Y. 256.)

*William J. O'Hara* and *Caesar L. Pitassy* for respondent. The Appellate Division correctly annulled the suspension order. (*Robertson* v. *Ongley Elec. Co.*, 82 Hun 585, 146 N. Y. 20; *People ex rel. Price* v. *Sheffield Farms Co.*, 225 N. Y. 25; *Matter of Abrams* v. *Bruckman*, 263 App. Div. 593; *Matter of Arnold Reuben, Inc.,* v. *State Liquor Authority*, 268 App. Div. 981, 294 N. Y. 730; *Matter of Stevensville Lake Holding Corp.* v. *O'Connell*, 269 App. Div. 804.)

CONWAY, J. The State Liquor Authority (hereinafter called the Authority) suspended petitioner's restaurant liquor license for five days. The suspension order was based on the finding that petitioner had violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law which provides in part: " No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises * * *." The Appel-

late Division unanimously annulled the suspension order and the Authority has appealed to this court.

The Authority's case rested upon the testimony of two police officers who entered petitioner's premises on the afternoon of August 10, 1949. One of the officers stood at the front, while the other stood at the center of the bar. At the hearing there was testimony by one of the officers that a bartender, one Dunne, employed by petitioner and working at the front end of the bar, referred a customer to one Cavallo, who was standing at the rear end of the bar, for the purpose of placing a wager upon a horse race. Both officers testified that subsequently they observed three patrons consult scratch sheets and hand Cavallo money in bill form and that Cavallo made notations on a slip of paper each time, *using the bar as a desk,* and then put the money and the slips of paper into his pockets. The officers also said that the money was passed over the bar and in an open manner. The officers thereupon searched Cavallo and found several slips of paper on his person. Two of the slips contained the names of race horses running on that day, the amounts wagered on each horse and the identity of the players. The third slip contained the names of players and the amounts due them.

One Dineen, the president of petitioner and the owner of 50% of its stock, was on duty at the rear end of the bar, working as a bartender, and was in charge of the premises on the afternoon in question. Neither Dineen nor Dunne apprised the officers of Dineen's connection with petitioner nor of the fact that he was in charge. At the hearing, Dineen admitted that he had been standing near Cavallo during the time the officers observed the transactions taking place and he asserted that, from his position, he would have been able to see anyone approaching Cavallo. He insisted, however, that: '' Nobody approached Cavallo.'' Cavallo also denied that anyone had approached him to place a bet.

In making its determination that the licensee '' suffered or permitted '' gambling on the premises, the Authority necessarily found that the licensee, through its officer, Dineen, had actual knowledge or had the opportunity through the exercise of reasonable diligence to acquire knowledge of the prohibited activities. See *People ex rel. Price* v. *Sheffield Farms-Slawson-*

*Decker Co.,* 225 N. Y. 25, 30.) That finding was supported by substantial evidence. The testimony elicited at the hearing posed a clear-cut issue as to the veracity of the opposing witnesses. Where the evidence is conflicting, it is for the administrative board to pass upon the credibility of witnesses and to base its inferences on what it accepts as the truth. (*Matter of Stork Restaurant* v. *Boland,* 282 N. Y. 256, 267, 274.) The Authority, considering all the evidence, could properly credit the testimony of the two police officers and find that Dineen had actual knowledge or should have had knowledge of the transactions that took place between Cavallo and the three patrons, particularly in view of Dineen's own testimony that he was at the rear end of the bar, that he could observe any transactions that took place there between Cavallo and other persons and that no transactions had taken place. Since the determination of the Authority is supported by substantial evidence it may not be disturbed. (*Matter of Kormann's Hofbrau* v. *O'Connell,* 300 N. Y. 521; *Matter of Huber* v. *O'Connell,* 297 N. Y. 577; *Matter of Bolani* v. *O'Connell,* 296 N. Y. 871; *Matter of Menick* v. *Bruckman,* 279 N. Y. 795; *Matter of Miller* v. *Kling,* 291 N. Y. 65.)

The order of the Appellate Division should be reversed and the determination of the State Liquor Authority confirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order reversed, etc.