In the Matter of GERTRUDE BARNETT, Petitioner, against JOHN F. O'CONNELL et al., Constituting the New York State Liquor Authority, Respondents.

Third Department, March 12, 1952.

*David Levene* for petitioner.

*Alvin McKinley Sylvester* and *William Hoppen* for respondents.

Bergan, J. The suspension of petitioner's retail liquor license in Binghamton is based on a charge that a bottle of liqueur was sold on December 9, 1950, to a boy who three days before had become seventeen years of age. This is a violation of statute (Alcoholic Beverage Control Law, § 65).

The boy was then 5 feet 8½ inches tall and weighed 144 pounds, but if he was "actually" under eighteen years of age a violation occurred. What he may have appeared to be is no defense. Every licensee has the statutory responsibility of seeing to it that sales of alcoholic beverages are not made to persons less than eighteen years of age and assumes the risk of such sales.

The protection of adolescents against psychic and physical impairment from the use of alcohol is a settled policy of the State. It is more important than the inconvenience that might come to liquor purveyors in taking the trouble to check somewhat the maturity of their customers. The burden is not intolerable, but whatever it is the Legislature has undoubted power to impose it. If it seems heavy, it is placed where it is for good cause.

Here the boy testified he bought a half pint of "Old Mr. Boston", a liqueur, for $1; that he later drank it during a recess in his high school class; that its effect was noticed by another pupil and reported to the principal; that he was suspended from school and thereafter remained away from home; and that the result of all this was that the police picked him up, and on their questioning he disclosed to them what had happened and where he had purchased the liqueur.

The decision of the Authority rests solely upon the credibility of this witness, and while there are some things about his testimony which tend to reflect on his general credibility, his narration of events is so detailed and so related to other events which could be fully checked and disproved by petitioner if untrue, that we see no objection as a matter of law to the acceptance of the testimony by the Authority.

That he was under the influence of alcohol while at school and suspended for this reason and then remained away from home, events which led to the disclosure to the police of the source of his purchase, could readily have been disproved if false.

The boy did not know the name of the store where he claimed to have made the purchase when the police first examined him, but his statement to the police was that the store was "located

on Front Street just south of Main Street '' and it is not disputed that this is an accurate description of the location of petitioner's store.

On cross-examination he was asked whether he knew the name of the store when he '' went into it on December 9th '', to which he answered '' Yes '', but this was followed immediately by his answer to the next question as to whether he was '' sure '' of that, and amplifying this, he said: '' I do now because I always was around that section. * * * If somebody told me to go to the Consumers Liquor Store I would know where it was, but I don't remember the name right there and then.''

The liquor which the witness said he bought for $1 concededly sold at that time for that price. The difference in name of the brand bought from the witness's first identification of it is not significant. What he first told the police the name of the brand was, '' Old Borden Whiskey '', and the actual brand '' Old Mr. Boston '', are somewhat similar phonetically, and the difference is of a kind which often suggests to trial lawyers and judges truth rather than falsity.

Petitioner contends the records of sales do not show a $1 purchase for liqueur that day. But for this purpose the petitioner classifies cocktail mixtures as '' liqueur '' and the records are sufficiently weakened otherwise in their reliability in showing actual segregation of brands and of types of sales that we think they do not with certainty exclude this purchase.

There are many minute details in the witness' testimony which seem to us to negative fabrication; and no motive to fabricate seems discernible. The Authority was within the frame of its legal power in making its finding and the order of suspension on the record before it.

The determination should be confirmed, without costs.

FOSTER, P. J., HEFFERNAN, BREWSTER and COON, JJ., concur.

Determination confirmed, without costs.