■ In the Matter of WILLIAM GERBINO, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the Civil Practice Act, to review and annul the State Liquor Authority's determination made October 10, 1961, suspending petitioner's restaurant liquor license for a period of 10 days. By order of the Supreme Court, Kings County, dated November 8, 1961, made pursuant to statute (Civ. Prac. Act, § 1296), the proceeding has been transferred to this court for disposition. The license was suspended upon a finding that petitioner had suffered or permitted gambling on the licensed premises, in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. Determination annulled, without costs. Under all the circumstances of this case, it is our opinion that the evidence as to whether petitioner knew or should have known of gambling on the licensed premises was too insubstantial to sustain the Authority's finding and determination (*Matter of Conservative Grouping Corp.* v. *Epstein,* 13 A D 2d 805, affd. 10 N Y 2d 956; *Matter of Stanwood United* v. *O'Connell,* 283 App. Div. 79, affd. 306 N. Y. 749). Ughetta, Kleinfeld and Rabin, JJ., concur; Beldock, P. J., and Brennan, J., dissent and vote to confirm the determination on the authority of *Matter of Avon Bar & Grill* v. *O'Connell* (301 N. Y. 150).

■ In the Matter of the Estate of EVA K. GREENE, Also Known as EVA KRISCH, Deceased. WILLIAM S. HERRMANN, JR., as Coexecutor and Cotrustee, Appellant; ALFRED GREENE, Individually and as Coexecutor and Cotrustee, et al., Respondents.— In a proceeding by testatrix' surviving spouse pursuant to section 145-a of the Surrogate's Court Act, to determine his right, under section 18 of the Decedent Estate Law, to elect to take as in intestacy his share of his deceased wife's estate, the coexecutor and cotrustee Herrmann appeals from so much of a resettled decree of the Surrogate's Court, Westchester County, dated February 1, 1961, as directed him to pay $712.50 to respondent Raymond M. Kahn, petitioner's attorney, for legal services and disbursements. On a prior appeal this court affirmed so much of said resettled decree of the Surrogate's Court, as declared that the provisions in the will for said surviving spouse were adequate and, consequently that he had no right of election (*Matter of Greene,* 14 A D 2d 544). Decree, insofar as appealed from, affirmed, with costs to respondent Kahn payable out of the estate. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Rabin, JJ., concur.