■ In the Matter of BASIL J. BRUSO, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— AULISI, J. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by an order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Liquor Authority and for a judgment annulling said determination and suspension of petitioner's liquor license. Petitioner was charged with violation of subdivision 1 of section 65 of the Alcoholic Beverage Control Law in that he sold, delivered or gave away, or permitted to be sold, delivered or given away, alcoholic beverages to a minor or minors actually or apparently under the age of 18 years on December 31, 1966. A hearing was had at which the minor testified that she was in petitioner's premises on New Year's Eve, 1966 for approximately two hours, she ordered a highball from a waitress, and was served without being asked for proof of age. Later, her date for the evening ordered five or six beers for her which he obtained from the bartender, the petitioner, and which the date brought back each time to the minor at the table. The minor's cousin also testified that she accompanied them to petitioner's restaurant and the minor remained there while the rest of the party soon left. Petitioner and his wife, who also worked in the restaurant, claimed that they did not know the minor and did not see her on the premises on the date in question. Two customers of petitioner also testified that they were present on December 31, 1966 at the

restaurant, but did not see the minor there. Petitioner urges that the minor's testimony, upon which the findings are based, is not substantial evidence to sustain respondent's determination and that it was arbitrary, capricious and unreasonable not to reopen the hearing, prior to determination, to take the testimony of the minor's companion on the night of the alleged violation. A review of the record does not show this testimony to be incredible as a matter of law and although, concededly, there are questions of fact and credibility presented, these are for the determination of the State Liquor Authority (*Matter of Rizzo* v. *Epstein,* 14 A D 2d 958; *Matter of Venditte* v. *Rohan,* 3 A D 2d 686; *Matter of Barnett* v. *O'Connell,* 279 App. Div. 449; and *Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150). There is no basis for petitioner's claim that the failure to reopen the proceeding for reception of additional evidence constituted an arbitrary or unreasonable exercise of discretion. Determination confirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.