## (February 16, 1970)

■ In the Matter of CAPER CLUB, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— SWEENEY, J. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review and annul a determination of the respondent State Liquor Authority, which suspended petitioner's on-premises liquor license for 30 days and imposed a $1,000 bond claim. The petitioner corporation operates a dance hall in the City of Schenectady. On December 20, 1967 it was issued a special on-premises license by respondent. This license was later suspended for a willful violation of section 260.20 of the Penal Law on April

21, 1968. The record reflects that prior to the date of the alleged violation, the petitioner wrote the State Liquor Authority that it proposed to conduct a dance for children under age 16. The Authority advised this was contrary to the law, denied permission to conduct the dance and specifically called attention to section 260.20 of the Penal Law. The event was subsequently advertised in the newspaper inviting all teenagers. An investigator for the State Liquor Authority testified that he visited the premises on April 21, 1968 between the hours of 2:00 and 4:00 P.M., observed youngsters going into the premises and also entered the premises himself and made observations inside. He further testified that while he was outside the premises he observed preteen and early teenage children from the age of 10 to 14 years enter the premises without adults. Inside the hall he observed some 15 to 20 young people definitely under the age of 16 and saw only one adult. The petitioner offered proof that it attempted to keep out all children under 16 unless they were accompanied by the proper adult. No liquor was being served, and the bar was closed on the afternoon of April 21, 1968. If respondent's determination is supported by substantial evidence, we may not disturb it. (*Matter of Bolani* v. *O'Connell,* 271 App. Div. 850, revd. 296 N. Y. 871; *Matter of Kormann's Hofbrau* v. *O'Connell,* 275 App. Div. 930, affd. 300 N. Y. 521.) The only witness testifying that children under 16 were actually on the premises was the investigator for the Liquor Authority. Petitioner contends that such testimony was incompetent. With this contention we do not agree. His testimony was accepted and this was a matter of credibility which was up to the board. (*Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150, 153; *Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256, 267.) Having found a violation of the Penal Law, the Authority was thus authorized to suspend the license (Rule 54; 9 NYCRR 48.1 and 48.4). It is difficult to determine the exact age of youngsters. Those who are granted a license, however, accept this responsibility. (*Matter of Barnett* v. *O'Connell,* 279 App. Div. 449.) On the entire record we conclude that there is substantial evidence to support the findings made by respondent. In our opinion, however, under the circumstances the punishment imposed was excessive. Determination modified by striking out the provision which suspended petitioner's license for 30 days and imposed a $1,000 bond claim, and substituting therefor a provision suspending petitioner's license for 10 days and, as so modified, confirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.