■ In the Matter of DANZO ESTATE, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination of respondent Authority, dated May 2, 1968, suspending petitioner's restaurant liquor license for 10 days for permitting gambling on the licensed premises, annulled, on the law, without costs and without disbursements. Respondent's Deputy Commissioner, who had heard all the evidence adduced at the hearing upon the charges against petitioner, reported, analyzing the evidence with care, and stating in detail the reasons for his conclusion, that such charges had not been sustained. His findings were, we believe, well founded, and there is no substantial evidence to sustain respondent's rejection of the hearing officer's report — not unanimously, we note — without stating any reason and without substitute findings. The record of the proceedings provides no basis, except through speculation and suspicion, founded upon guilt by association, for an inference that petitioner either participated in the gambling activity charged or had sufficient knowledge thereof to support a conclusion that the premises were inadequately supervised. Concur — Eager, J. P., Markewich and Nunez, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to confirm the determination. The testimony of the police officers established the existence of gambling activity on the licensed premises. Observations of gambling activity involving the cook, John Danzo, were made on two separate occasions; the actual placing of bets by three patrons with another patron were overheard by a police officer; and a bag containing slips of horses scheduled to run at race tracks that day and unsold football pools were found on the premises on September 29, 1967, a few inches from where John Danzo was standing. Petitioner's officer, Nicholas Danzo, brother of John Danzo, denied the existence or knowledge of gambling. However, the evidence indicates a

continuing pattern of gambling in the licensed premises and is sufficient to the interoffice procedure (as in the instant case) for processing notices behind the bar. He was closer to the food counter where his brother John was working than the police officers, and thus, in a better position to observe the gambling activities of his brother John which were observed by the police officers. John Danzo was employed in the licensed premises for 10 years, and it would seem clear that he could not have carried on gambling activities without the knowledge of his brother Nicholas who worked in proximity to the food counter. The issue presented is whether the determination of the respondent is supported by substantial evidence. In my opinion, there is substantial evidence to sustain the charge against the petitioner, and the determination of the Authority should not be disturbed. (*Matter of Avon Bar & Grill* v. *O'Connell*, 301 N. Y. 150, 153.)