Albert Orensteih, J.
This is an appeal from a judgment of conviction for violation of subdivision 1 of section 65 of the Alcoholic Beverage Control Law after a nonjury trial in the Town of Lysander Justice Court (Robert Oram, J.) on January 7, 1969. Defendant was sentenced on January 7, 1969, to pay a fine of $300.
Subdivision 1 of section 65 of the Alcoholic Beverage Control Law provides in simple and forthright terms that:
*73 “ No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to
" 1. Any minor, actually or apparently, under the age of eighteen years
Defendant on this appeal contends that the statute under which this defendant was convicted is unconstitutional, upon the ground that the phrase “ actually or apparently under the age of eighteen years ”, is vague and fails to clearly define the prohibited acts. I find this contention has no merit.
The Eighteenth Amendment to the Federal Constitution (the Volstead Act) was repealed by the Twenty-first Amendment of the Federal Constitution effective December 5, 1933.
The Legislature of the State of New York, by chapter 478 of the Laws of 1934 adopted the Alcoholic Beverage Control Law. Section 2 of that law declared it a policy of the State to regulate and control the sale of alcoholic beverages within the State.
The purpose of the Alcoholic Beverage Control Law was to carry out that policy in the public interest. “ § 2. Policy of state and purpose of chapter. * # * The restrictions, regulations and provisions contained in this chapter are enacted by the legislature for the protection, health, welfare and safety of the people of the state.”
The legislative intent so enacted is clearly an exercise of the police power by the State (Matter of Trustees of Calvary Presbyt. Church v. State Liq. Auth., 245 App. Div. 176, affd. 270 N. Y. 497).
The State has the constitutional power to control and regulate the issuance or revocation of all liquor licenses. (Matter of Bushell v. City of New York, 242 App. Div. 366.) The Court of Appeals upheld the constitutionality of the Liquor Tax Law of 1896 holding that the regulation and control of liquor traffic was a proper exercise of the State’s police power. (People ex rel. Einsfeld v. Murray, 149 N. Y. 367.) “ The protection of adolescents against psychic and physical impairment from the use of alcohol is a settled policy of the State.” (Matter of Barnett v. O’Connell, 279 App. Div. 449, 450.)
The section of the Alcoholic Beverage Control Law in question is clear and specific. In keeping with the policy as stated, section 65 (subd. 1) of article 5 prohibits the sale of alcoholic beverages to any minor, actually or apparently under the age of 18 years.
The prohibited act forbids the sale to any minor actually under the age of 18 years and by adding the word “ apparently ”, it clearly means that the seller has the right to refuse *74 to sell an alcoholic beverage to one who appears to be less than 18 years of age but is actually over 18 years of age.
This interpretation is reasonable and clear in the light of the last paragraph contained in section 65 of the Alcoholic Beverage Control Law: u Neither such person so refusing to sell or deliver under this section nor his employer shall be liable in any civil or criminal action or for any fine or penalty based upon such refusal, except that such sale or delivery shall not be refused, withheld from or denied to any person on account of race, creed, color or national origin.”
A seller is, therefore, excused from liability for refusing to sell to persons who may actually be over 18 but appear younger than their years. The legislative intent and purpose to forbid the sale of liquors to minors was thus reinforced by the express provisions of section 65.
I must, therefore, hold that this particular section is constitutional and a valid exercise of the State’s police power.
Upon the record before me, there is sufficient evidence to warrant the conviction of the defendant beyond a reasonable doubt. The record indicates that petitioner sold the alcoholic beverage to a 17-year-old relying upon the statement of an accompanying adult that the minor was over 18 years old. Such a sale is an act malum prohibitum and is not to be excused by ignorance, mistake of fact or honorable intention. (Matter of Ross’s Dairies v. Rohan, 10 A D 2d 987; People v. Davin, 1 A D 2d 811; People v. Werner, 174 N. Y. 132.)
However, in the light of all the circumstances herein, the sentence imposed on this defendant was unreasonably excessive. The fine imposed is, therefore, reduced to $100. (Code Crim. Pro., § 543.)
As so modified, the judgment of conviction is affirmed.