■ In the Matter of MELVIN GITLIN, Doing Business as KNOBBY'S RESTAURANT, Petitioner, v. ROBERT E. DOYLE et al., Constituting the State Liquor Authority, Respondents.— Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Sullivan County) to review a determination of the State Liquor Authority which reversed the hearing officer's determination and found that on August 28, 1968 petitioner violated subdivision 3 of section 106 of the Alcoholic Beverage Control Law. This case was previously before this court (*Matter of Gitlin* v. *Hostetter*, 32 A D 2d 1012), at which time the determination of the Authority was affirmed and the petition dismissed. On appeal, the Court of Appeals reversed and remitted the matter to the Authority to make appropriate findings stating: " In the circumstances of this case — where the principal witness was of low credibility and gave contested and contradictory evidence, termed incredible by the hearing officer — it is crucial whether the Authority relied on any material part of his testimony. Without that testimony there was no substantial evidence to sustain the determination, the State Trooper's testimony not covering all elements of the violation." (*Matter of Gitlin* v. *Hostetter*, 27 N Y 2d 934.) Petitioner was charged with a violation of subdivision 3 of section 106 of the Alcoholic Beverage Control Law in that he sold, delivered or gave away, or permitted liquor and/or wine to be sold, delivered or given away for consumption off the premises where sold on August 28, 1966. It is, therefore, essential that the evidence substantially establish a sale, delivery or gift of two bottles of wine for off-premises consumption to Marlow on August 28, 1966, the elements of the violation. The State Trooper's testimony has previously been deemed insufficient in this regard. The new findings of the Authority, wherein it credits that portion of Marlow's testimony that he entered the premises, went to the kitchen and asked for two (2) pints of wine, then left the premises and

delivered the wine to the police officer, leaves unanswered the question as to how Marlow came into possession of the wine. The Authority then speculates that the wine could not have been stolen, and that a sale or delivery of wine to Marlow was apparent. Having given credit only to Marlow's presence in the kitchen and request for two pints of wine, his leaving the premises with wine, there is no substantial evidence as to the crucial elements of the alleged violation. Further, there is no evidence that the bottles were sealed (the State Trooper gave no testimony in this regard, and the bottles were not produced at the hearing), which would have a distinct bearing on the issue of whether a sale, if actually made, was for off-premises consumption. It is interesting that the owner of a nearby liquor store, the prime complainant in this matter, having arranged for the presence of the State Trooper, provided the $2 for Marlow to buy the wine, and arranged for him to enter petitioner's premises, witnessed Marlow's entering and leaving the premises, was present at the hearing, but was not asked to testify on behalf of the Authority. The Authority's finding that the testimony of Sam Freiberg and the testimony of the licensee should not be credited is as incredible as Marlow's whole testimony. " A finding is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be drawn reasonably. A mere scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based. That requires ' such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' (*Consolidated Edison Co.* v. *National Labor Relations Board,* 305 U. S. 197, 299.) (*Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256, 273–274.) " In our view, based on the record as a whole, there is no substantial evidence establishing the elements of the alleged violation. ( *Matter of Gitlin* v. *Hostetter,* 32 A D 2d 1012, dissenting opinion page 1013.) Determination annulled and petition granted, with costs. Staley, Jr., J. P., Cooke and Sweeney, JJ., concur; Simons and Kane, JJ., dissent and vote to confirm the determination and dismiss the petition, in a memorandum by Kane, J. All portions of the testimony of Marlow credited by the Authority are corroborated. (*Matter of Kelly* v. *Murphy,* 20 N Y 2d 205.) " Where the evidence is conflicting, it is for the administrative board to pass upon the credibility of witnesses and to base its inferences on what it accepts as the truth." (*Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150, 153; *Matter of Bruso* v. *State Liq. Auth.,* 29 A D 2d 910.) The testimony of Marlow that he bought two pints of wine was not accepted by the Authority and, while this leaves the record devoid of direct evidence of a sale, " viewed in light of the record as a whole — as, of course, it must be " (*Matter of McCormack* v. *National City Bank,* 303 N. Y. 5, 9; *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 304 N. Y. 65), there is substantial evidence to support the determination of the Authority (*Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256), the sole arbiter of the issues of fact. (*Matter of Club 95* v. *New York State Liq. Auth.,* 23 N Y 2d 784, 785.) Accordingly, the determination should be confirmed and the petition dismissed.