Samuel A. Spiegel, J.
This is an article 78 proceeding to review and annul the determination of the Commissioner of Consumer Affairs calling for the suspension of the petitioner’s garage license for a period of two days.
The petitioner is the Hippodrome Garage which operates a garage at 50 West 44th Street, in the Borough of Manhattan, pursuant to License No. 427397 issued by the Department of Consumer Affairs.
The determination to suspend petitioner’s license for a period of two days was issued pursuant to hearings which were conducted on September 8, 1970 and April 12, 1971, at the offices of the Department of Consumer Affairs, 80 Lafayette Street, New York, New York.
The hearing was conducted pursuant to a complaint of George Parker, an attorney, formerly associated with the District Attorney’s office and the office of the Corporation Counsel of the City of New York.
On or about February 20, 1970, at about 8:30 p.m., the complainant left his car at petitioner’s garage for parking for which he received a parking check. When he returned for his ear at about 10:30 p.m. in the same evening, he noticed, as the car was being driven down the ramp for delivery to him, the right front bumper was protruding from the side of the car. Closer inspection of the car revealed that the left front side of the bumper was pulled away almost a foot from the body of the car, both rear lights were smashed inward, and the molding on the right side of the car was loose.
*832 The attendant who delivered the car to Mr. Parker made no mention of the damage and when questioned as to what happened stated that the car was brought into the garage in that condition. Mr. Parker persisted in his complaint and another employee looked at the car, made out an accident report and advised the complainant to return the next day to see his boss.
The complainant returned the next day, saw the boss, Mr. Prysant, who stated that the front bumper damage was not new and that the attendant who had moved the complainant’s car a short distance had found the brakes defective. Mr. Parker thereupon drove his car and indicated to Mr. Prysant that his brakes were not defective. Mr. Prysant, although he did not see the accident, stated that he heard that there was some damage caused when the attendant parked it.
As a result of the findings, the hearing officer recommended a two-day suspension, conditioned upon the good faith offer to repair the complainant’s vehicle. The hearing officer’s recommendation of a two-day suspension was adopted but this condition to repair the complainant’s vehicle was dropped by the Oommissioner.
Petitioner contends that the charges of failure to properly safeguard an automobile in its custody and attempting to conceal the resulting damage from the owner are ‘‘ property damage claims ” within the exclusive jurisdiction of the courts and, therefore, the respondent’s determination is without legal authority and jurisdiction and thus is arbitrary and capricious. Further, petitioner claims that he is being punished by the Department of Licenses which is passing on the merits of a property claim. I believe that petitioner misses the thrust of the respondent’s position. The complaint made was as to the shabby treatment of the customer and the callous attitude of the garage in denying the claim at that time, in trying the claim in the garage, thereby humiliating and harassing the customer, instead of accepting the claim, making an investigation and report thereof with a recommendation as to whether the claim is just or unfounded.
The finding of the department is not a finding which establishes liability upon the garage for the property damage claim without the opportunity for a full court trial. Certainly, there is no usurping of the jurisdiction of a court by the holding of a departmental hearing. Liability of the garage for a damage claim is far different from liability for its manner of operation and treatment of its customer, which is the gravamen of the complaint against petitioner.
*833 Petitioner contends that this departmental administrative hearing is really a hearing such as in a court of law on a property damage claim. Nothing could be further from the truth. To whatever extent any department hearing and finding is available in a court of law, be it motor vehicles, building, police or fire, so is this departmental hearing and finding.
The finding that petitioner was guilty of the violations charged was made after the hearing officer heard testimony from both complainant and petitioner’s manager at a hearing held on September 8,1970, and from one of petitioner’s parking attendants at a hearing held on April 12, 1971. The finding of guilt was supported by substantial evidence. ‘ ‘ Substantial evidence ” in administrative hearings as formulated by the Supreme Court in Edison Co. v. Labor Bd. (305 U. S. 197, 229 [1938]) and adopted by the Court of Appeals in Matter of Stork Rest. v. Boland (282 N. Y. 256, 274 [1940]) is “ such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.”
No one brought this damage to the attention of the customer a$ he was leaving the garage, though some damage was known, only the extent being in dispute. Had the car owner not inspected his vehicle he would have left the garage unaware of the damage. It is conceded that some damage to the car was done in the garage.
To carry out the public policy served by the garage and parking lot licensing statute, it is incumbent upon the Commissioner to see to it that the licensee properly safeguards the automobiles in his custody and accepts responsibility by informing the car owners of any damage. Failure to do so is a violation of the spirit, general intent and purpose of the licensing statute, whether or not the violations constitute a direct, unequivocal violation of the section charged (Matter of Fiorenti v. Leary, 28 A D 2d 702, 703 [2d Dept., 1967], affd. 21 N Y 2d 668 [1967], dismissed petition to review denial of tow car license).
An action for damages is brought to redress a private wrong. The Commissioner’s action against the licensee is brought to protect the public interest. To divest the Commissioner of jurisdiction to hear complaints of careless handling of property in the custody of licensees, or for callous treatment of customers would defeat one of the most important purposes of the licensing law.
One of the rules promulgated by the Commissioner for the purpose of safeguarding persons and property is rule 4b which requires that the licensed premises be adequately attended. Adequate attendance means not only a sufficient number of *834 attendants but also most importantly, the kind of performance from attendants to assure the safety of persons and property.
The seriousness of the charges against petitioner, which include a finding that the licensee’s agents had attempted to conceal the damage from the owner of the damaged vehicle, fully justified the imposition of the penalty.
The attempt to deny that the damage occurred in the premises, to attribute the damaged condition of the vehicle to ‘ ‘ having been brought in that way ’ ’ and then to claim that defective brakes in the car caused this damage in the garage, is a frustrating experience car owners parking in indoor and outdoor garages should not be required to undergo. Here, the damage claimed by the innocently-harmed customer was cavalierly dismissed and he was made to feel like a thief seeking to cheat the garage by a false claim for a damaged fender, moulding, bumper and lights. The hearing officer was not passing on the merits of complainant’s claim for property damages, which is for another forum, but merely on the abusive manner in which complainant was treated by the garage, and its readiness to disclaim responsibility upon any and all pretexts, without any investigation to discover whether there was a just basis for his claim. The Consumer Affairs Department disciplined petitioner, not for refusal to pay the damage claim, but for the unjustifiably inflicted abuse upon a customer.
The Consumer Affairs Department is vested with the responsibility to license, regulate and oversee the operations of garages and parting lots for the protection of the public. The public is entitled, at the very least, to everyday common courtesy. No licensee has a right to ignore it as was done here.
Licensing is not merely a means of raising revenue nor an empty formality. A responsibility is vested in a department which issues a license to police its licensees and to protect the public from harassment and exploitation.
A license bestows a privilege to operate upon a licensee. If he abuses that privilege, he is subject to appropriate disciplinary proceedings which the department found in this case.
Where the evidence is conflicting it is for the administrative board to pass upon the credibility of witnesses and to base its inferences on what it accepts as the truth. (Matter of Avon Bar & Grill v. O’Cornell, 301 N. Y. 150,153 [1950].) “The courts may not weigh the evidence or reject the choice made by the [administration agency] where the evidence is conflicting and room for choice exists ” (Matter of Stork Rest. v. Boland, supra p. 267).
*835 In view of the facts and circumstances herein, the court finds that the action of the respondent in suspending petitioner’s public garage license for two days was neither illegal, arbitrary, capricious, nor an abuse of discretion. The decision of the respondent will not be disturbed. (Matter of Barton Trucking Corp. v. O’Donnell, 7 N Y 2d 299; Matter of Davis v. Broderick, 25 A D 2d 851.)
Accordingly, petitioner’s application is denied and the petition dismissed.