In the Matter of ANTHONY J. NAPLES, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously confirmed, without costs. Memorandum: This is an article 78 proceeding (transferred to this court by an order of Special Term, Erie County) to annul the determination of the State Liquor Authority issuing a warning and imposing a $100 bond claim. Petitioner, who had been issued a nine-day license to sell beer at the Erie County Fair, commencing August 21, 1970, and ending August 28, 1970, was charged with (1) allowing alcoholic beverages to be sold or given away to minors in violation of section 65 of the Alcoholic Beverage Control Law, (2) unreasonably interfering with police officers conducting an investigation in violation of 9 NYCRR 53.1(n) of the Rules of the State Liquor Authority, and (3) failing to display his license in a conspicuous place in violation of subdivision 6 of section 114 of the Alcoholic Beverage Control Law. On August 22, the licensed premises became extremely disorderly, a fight broke out, seven persons were arrested and two officers injured. There is evidence in the record, and the Hearing Officer found, that on August 23 a representative from the State Liquor Authority notified the Undersheriff that he had received six complaints that individuals were taking beer outside the premises and giving it to minors, and that as a result of these conditions officers were assigned to petitioner's

premises to maintain law and order. On August 24, a 14-year-old minor, accompanied by another minor, purchased two cups of beer at the licensed premises on four separate occasions; this boy identified one of the bartenders who sold him the beer. On the same night a 15-year-old minor sat at a table and drank beer left on a table by a patron. On August 27, a 17-year-old girl took sips of beer from a cup provided by friends. Petitioner personally interfered with the officers in performing their duties by telling the minors that they had civil rights and did not have to accompany the officers or make any statements, by yelling about civil rights, using the terms "storm troopers" and "gestapo", grabbing a young male by the arm, and causing a crowd to surround the officers, pushing, shoving and calling the officers pigs. Comments which invite crowds to gather and which obstruct performance of official duties by police officers, creating a hostile environment, are not constitutionally protected (see *Cohn* v. *California,* 403 U. S. 15, 20). On August 26 when officers requested to see the license, the bartender reached under the bar and pulled the license from a shelf under the bar. Viewing the record as a whole, the authority's determination is supported by substantial evidence establishing the elements of the alleged violations to sustain the findings of fact made by it (*Matter of Club 95* v. *New York State Liq. Auth.,* 23 N Y 2d 784; *Matter of Beverly Lanes* v. *Rohan,* 11 N Y 2d 909; *Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150). The record does not support petitioner's contention that police officers "singled out petitioner" by requiring only patrons of his premises to drink their beer on the premises and allowing patrons of other licensed premises to go outside with beer cups without restraint. One patron of petitioner testified that an officer had told him, both at petitioner's premises and at other establishments, that he could not leave the premises with beer. (See Alcoholic Beverage Control Law, § 106, subd. 3.) Another witness called by petitioner testified that he was told by an officer that he could not take beer off the premises at a location where he purchased four 75-cent glasses of beer. Petitioner's bartender testified that beer sold at petitioner's premises for 40 and 70 cents. This proof demonstrates that there was no intentional purposeful discrimination or selective enforcement against petitioner. (Review of determination warning petitioner of violations, transferred by order of Erie Special Term.) Present — Del Vecchio, J. P., Cardamone, Simons and Henry, JJ.