In the Matter of O'BRIEN'S BUTCHER SHOP, INC., Petitioner, v. STATE OF NEW YORK LIQUOR AUTHORITY, Respondent.—Determination as to Charge No. 1 unanimously annulled and charge dismissed; determination as to Charge No. 2 unanimously modified to reduce penalty to a five-day suspension and as modified determination confirmed, without costs. Memorandum: This is an article 78 proceeding to annul a determination of the State Liquor Authority canceling petitioner's license for violation of regulation 9 NYCRR 53.1 (b) in that petitioner made a false and material statement on its license application and failed to report certain loans to the authority within 48 hours of their receipt. The record shows that on June 6, 1973 petitioner leased certain premises at 3259 Winton Road South in Rochester for use as a cocktail lounge. Monthly rentals commenced on July 1. On July 10, 1973 petitioner applied for a license to sell alcoholic beverages. On August 27, 1973 its application was denied, primarily because of inadequate financing. Petitioner then sought review of the authority's action and on March 5, 1974 obtained a judgment of Supreme Court, Monroe County ordering that its license be issued. The authority did issue petitioner a license on April 5, 1974 but on June 20 notice was served upon petitioner that a revocation proceeding had been commenced. It was charged that petitioner's original license application stated that its Winton Road premises had been leased fully equipped when, in fact, fixtures and equipment were not included, and that between the time petitioner's application was first denied and the time it was finally issued, pursuant to the Supreme Court judgment, petitioner obtained several loans which it failed to report to the authority. A hearing was held on August 1, 1974 and on October 10, 1974 petitioner was found guilty of both charges and its license was canceled. The record shows that at the time of application peti-

tioner believed in good faith that fixtures and equipment in the Winton Road premises were covered by its lease. It was not until two months after its license had been denied that it learned otherwise. There is no evidence that petitioner willfully misled the authority by its application. That being so, the authority's finding that petitioner was guilty of having made a false material statement in its original application is not supported by substantial evidence and, therefore, must be annulled (*Matter of Farina* v. *State Liq. Auth.*, 20 N Y 2d 484; see *Matter of Club 95* v. *New York State Liq. Auth.*, 23 N Y 2d 784; *Matter of Avon Bar & Grill* v. *O'Connell*, 301 N. Y. 150; *Matter of 54 Cafe & Rest.* v. *O'Connell*, 274 App. Div. 428, affd. 298 N. Y. 883). The record does support the authority's finding that petitioner failed to report the receipt of loans within 48 hours. Petitioner admitted as much. However, under the circumstances, we find these violations to have been, at most, of a technical nature. The loans were necessitated because petitioner was obliged to pay rent on its Winton Road property during the more than six months between the date on which the license was denied and the date on which it was finally issued pursuant to the Supreme Court judgment. Accordingly, the penalty of license cancellation imposed by the authority for such a technical infraction was excessive. (*Matter of Maximo Rest.* v. *New York State Liq. Auth.*, 38 A D 2d 949. (Review of determination revoking license, transferred by order of Monroe Special Term.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Del Vecchio, JJ.