JOYCE ZEEVE, Respondent, v. ALEXANDER ZEEVE, Jr., Appellant.— In this action for divorce and a determination as to the title to personal property, the defendant husband appeals (1) from so much of an order of the Supreme Court, Westchester County, entered October 30, 1974, as granted in part plaintiff's motion for a protective order and denied in part defendant's cross motion to compel further answers to interrogatories and (2) as limited by his brief, from so much of a further order of the same court, entered December 12, 1974, as, upon reargument, adhered to the original decision. By written stipulation, dated February 7, 1975, the parties through their attorneys have agreed to settle these appeals. In accordance therewith, the orders are reversed insofar as appealed from, without costs. The case shall proceed to trial and, if a divorce is granted, the trial court shall determine whether alimony should be paid, but shall not determine the amount; the plaintiff wife, prior to a determination of the amount, shall make full disclosure of her interest in the estate of her deceased mother; and, thereafter, the trial court shall resume the trial and conclude it. Gulotta, P. J., Rabin, Hopkins, Martuscello and Benjamin, JJ., concur.

In the Matter of MAURICE McCoy, Petitioner, v. STATE LIQUOR AUTHORITY et al., Respondents.— Proceeding under CPLR article 78 to annul a determination of respondent State Liquor Authority, dated October 15, 1974, which suspended petitioner's restaurant liquor license for 10 days and demanded payment of petitioner's $1,000 bond on the ground that petitioner had suffered or permitted gambling on the licensed premises, in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. Determination modified, on the law, by striking therefrom the demand for payment of the bond. As so modified, determination confirmed, without costs. In our opinion the provision for payment of the bond as an additional penalty was excessive and therefore an abuse of discretion. Under all of the circumstances, the penalty should have been limited to a suspension of the license for a period of 10 days. Latham, Acting P. J., Cohalan and Brennan, JJ. concur; Christ and Munder, JJ., dissent and vote to dismiss the proceeding on the merits and to confirm the determination.