■ In the Matter of VENLER Co., INC., Petitioner, v MICHAEL ROTH et al., Individually and Constituting the State Liquor Authority, Respondents.— Determination dated April 21, 1975 of the respondents, as members of the State Liquor Authority, canceling a restaurant liquor license issued to petitioner and imposing a bond forfeiture in the sum of $1,000, and placing a proscription against the licensing of the premises in question for a period of two years, unanimously modified, on the law, to reverse the finding sustaining Charges Nos. 1 and 2 with respect to narcotics and/or dangerous drugs, and to confirm the determination with respect to Charges Nos. 3 and 4 as amended, as to gambling, and the matter remanded to the authority for reconsideration of the penalty to be imposed, without costs and without disbursements. The determination of the respondent authority with respect to narcotics and/or dangerous drugs on the premises was not supported by substantial evidence. The testimony of an undercover New York City detective that on one of his 40 or 50 visits to the premises he smoked marijuana in the basement of the tavern with two employees of the petitioner and that he received a quantity of marijuana from these employees on this same occasion, does not constitute substantial evidence to support the charge that the licensee permitted trafficking in narcotics or dangerous drugs. The principal of the licensee was not present in the basement on this occasion nor was it shown that he had any knowledge of such activity upon the part of the employees. The substantial evidence requirement was satisfied with respect to the gambling charges. *(Matter of Avon Bar & Grill v O'Connell,* 301 NY 150.) Concur—Kupferman, J. P., Lupiano, Tilzer, Capozzoli and Lane, JJ.