■ In the Matter of NICHOLAS HRISTO, Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Determination unanimously modified in accordance with memorandum and, as modified, confirmed, without costs. Memorandum: This is a proceeding pursuant to article 78 of the CPLR seeking review of a determination of the State Liquor Authority which found petitioner in violation of four provisions of the Alcoholic Beverage Control Law and imposed as a penalty a 40-day license suspension, with 20 days deferred, and a $1,000 bond forfeiture. Substantial evidence in the record supports the authority's findings that petitioner violated subdivision 2 of section 106 of the Alcoholic Beverage Control Law prohibiting licensees from keeping liquor in less than 25-ounce bottles; subdivision 3 of section 106 of the Alcoholic Beverage Control Law prohibiting the sale of liquor for off-premises consumption without a proper license; and subdivision 6 of section 106 of the Alcoholic Beverage Control Law prohibiting licensees from suffering or permitting gambling on the licensed premises. As to these matters its determination may not be disturbed *(Matter of Avon Bar & Grill v O'Connell,* 301 NY 150). The record does not, however, support the authority's finding that petitioner violated section 100 of the Alcoholic Beverage Control Law, prohibiting the sale of liquor on credit. That section specifically makes exception for bona fide hotel licensees. In this case petitioner operated a tavern in an older section of Rochester and many of his regular patrons resided in rooms which they rented from him above the licensed premises. The authority has failed to show that this establishment could not be considered a hotel or that alleged sales of liquor on credit were made to persons other than those renting rooms. Finally, under all of the facts and circumstances of this case, the penalty imposed by the authority was excessive *(Matter of Shore Haven Lounge v New York State Liq. Auth.,* 37 NY2d 187; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222). Considering the fact that one of the four violations upon which the authority's penalty was predicated has been found to have been unsupported; that the licensed

premises have been operated for 41 years without a prior violation; and that, with the exception of the gambling charge, the nature of the acts giving rise to the violations in this instance were of relatively minor consequence, posing no great threat to the morals or safety of the community, the penalty should be reduced to a 10-day suspension *(Matter of McCoy v State Liq. Auth.,* 47 AD2d 670; *Matter of Gallagher v State Liq. Auth.,* 29 AD2d 676, affd 28 NY2d 855). (Article 78 proceeding to annul determination suspending license, transferred by order of Monroe Supreme Court.) Present —Moule, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.