■ In the Matter of the Claim of BARBARA GOGGIN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from decisions of the Unemployment Insurance Appeal Board, filed December 27, 1978 and August 29, 1979. The claimant worked as a clerk for Saint Elizabeth Hospital for five years. On January 7, 1977, she quit her job. Thereafter, she worked two weeks from January 31, 1977 to February 11, 1977 for Brady Fence Corporation. She filed an original claim for benefits on February 14, 1977, naming Brady Fence

as her last employer and received benefits to March 3, 1977. After refusing a re-employment offer from Saint Elizabeth Hospital, she was disqualified from further benefits on March 4, 1977. She returned to Brady Fence from April 1, 1977 to July 29, 1977. A claim was filed by her on August 1, 1977. Again, Brady Fence was named as her last employer. She was ruled eligible for benefits. On September 5, 1977, she was disqualified from further benefits because of unavailability for work, and effective September 9, 1977 she was ruled ineligible because of refusal of another offer of re-employment from the hospital. She worked for Brady Fence from October 14 to November 4, 1977 and filed another claim on November 9, 1977, naming Brady Fence as her last employer and was ruled eligible. She was paid benefits until January 1, 1978 when she returned to work at Brady Fence. A new claim was filed by her on March 21, 1978. By determination of the Industrial Commissioner, dated March 26, 1978, claimant was disqualified, effective January 8, 1977, from receiving benefits for voluntarily leaving employment without good cause. She was charged with an overpayment of $1,327 deemed recoverable, and her right to receive future benefits was reduced by 80 effective days for willful misrepresentation to obtain benefits. Claimant had answered the question of whether she had worked for any relative during the preceding 12 months with a "no". In fact, her mother was the sole stockholder and executive officer of Brady Fence. The ruling was overruled by the Administrative Law Judge on June 26, 1978. On December 27, 1978, the board reversed the decision of the Administrative Law Judge and sustained the initial determination of the Industrial Commissioner. A new determination was issued by the Industrial Commissioner dated January 30, 1979, effective January 7, 1977, seeking repayment of $2,086. A revised determination dated February 15, 1979, reduced the requested repayment to $1,879. A hearing was held at claimant's request before an Administrative Law Judge who ruled that there was recoverable an overpayment of $1,534. A revised determination on May 26, 1979 ruled the overpayment to be $1,327. The appeal board, by decision dated August 29, 1979, sustained the determination because of claimant's "willful false statements that she had been employed by the fence company" and "claimant's original fraud in asserting that she had bona fide employment by her mother's fence company". The board concluded that $1,879 in benefits was recoverable. The issue on this appeal is whether claimant's disqualification to receive benefits because she had quit her job at Saint Elizabeth Hospital was ever broken by bona fide employment thereafter with Brady Fence. Substantial evidence supports the finding of the board that claimant had no bona fide employment. The board has the sole prerogative to make factual findings. These will not be disturbed if they are supported by the record. In that regard, credibility of witnesses is exclusively within the domain of the board. In *Matter of Di Maria v Ross* (51 NY2d 771, 772-773), a case strikingly similar to the instant matter, the Court of Appeals noted: "As with any administrative determination of fact, the board's assessment of the credibility of witnesses and the inferences to be drawn from the evidence presented are conclusive if supported by substantial evidence. (Labor Law, § 623; *Matter of Fisher [Levine]*, 36 NY2d 146, 149-150; see *Matter of Avon Bar & Grill v O'Connell*, 301 NY 150, 153; see, generally, NY Jur 2d, Article 78 and Related Proceedings, §§ 16, 17.)" In this case, the illogical pattern of short-term employments by a family corporation, coupled with the facts that claimant was employed by the company in slow seasons and laid off at the height of the usual busy season of the company, and that her mother still paid the company bills even though claimant was taking care of the books, all support the conclusion of the board that this was contrived employment. We concur with claimant's argument that mere suspicion that employment is not bona

fide cannot support a finding of contrived employment. However, this record completely belies claimant's contentions. The board also found that her repeated certifications of employment with Brady Fence and her denials that she performed work for any relative during the previous 12 months constituted willfully false statements justifying recovery of overpayments and the imposition of 80 days as a forfeiture penalty. This finding is also supported by substantial evidence. Claimant's answer was obviously a strained one and considering it together with the whole web of circumstantial facts leads to the conclusion that the board's determination was entirely proper. Decisions affirmed, without costs. Kane, J.P., Main, Mikoll, Casey and Herlihy, JJ., concur.