■ In the Matter of Qaid Abdo Ahmed Al Humadi, Petitioner, v New York State Liquor Authority, Respondent. [620

NYS2d 343] —Determination of respondent State Liquor Authority, dated December 29, 1993, which suspended petitioner's off-premises beer license for 40 days and imposed a $1,000 bond forfeiture, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carol E. Huff, J.], entered on or about March 11, 1994) is dismissed without costs or disbursements.

Substantial evidence supports the findings of the Administrative Law Judge, who was in the best position to determine the credibility of the witness, that petitioner had illegally sold beer to a person under 21 years old (see, Matter of Avon Bar & Grill v O'Connell, 301 NY 150, 153). Moreover, given the longstanding policy of protecting adolescents from the effects of the use of alcohol, we find that the penalty imposed upon petitioner was not so disproportionate to the offense as to shock the conscience (see, Matter of Barnett v O'Connell, 279 App Div 449, 450). Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.